[Crim. No. 1116. First Appellate District, Division Two.—May 28, 1923.]

THE PEOPLE, Respondent, v. TONY ALEXANDER et al., Defendants; FRANK AUGUST AVILLA, Appellant.

[1] CRIMINAL LAW—MURDER—AGE OF DEFENDANT—EVIDENCE.—In this prosecution for murder, the only evidence offered by the defendant in support of his claim that he was under the age of eighteen years and should be certified to the juvenile court having been uncertain and unsatisfactory, the trial court did not abuse its discretion in accepting the conflicting evidence upon the same subject matter.

[2] ID.—NATURE OF OFFENSE—EVIDENCE.—The evidence having shown that the deceased was a young man who had caused no offense or provocation for any attack upon him, and that he was struck in the face by defendant while he had his left hand in his pocket and while defendant held his right hand, thus causing him to fall backward with his head striking upon the hard pavement and without any opportunity of defending himself against the fall, and the intent to kill having been plainly inferable from the evidence and the circumstances leading to the striking of the blow, the offense committed was murder, and not manslaughter.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

2. Condition of mind of slayer which reduces murder to manslaughter, note, 134 Am. St. Rep. 726.

Joseph P. Lacey for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendants were jointly tried on an information charging them with the murder of one William H. Reinking. The defendant Alexander was convicted of manslaughter and the defendant Avilla was convicted of murder in the second degree. Both defendants have appealed from the respective judgments following the verdicts and from the orders denying their motions for a new trial. Prior to the submission of the appeals the defendant Alexander filed a dismissal of his appeal and consideration, therefore, is given only to the appeal of the defendant Avilla.

The facts of the case are that while the two defendants were loitering upon the streets of Oakland with a number of other companions on the evening of July 5, 1922, deceased was peaceably walking along one of the main streets of that city. As he passed these defendants and their companions the defendant Avilla hit him in the leg with a rock or clod of dirt without any provocation. The deceased paid no attention to the incident, but continued on his way, and after he had gone some distance the defendant Avilla said to defendant Alexander: "Come on, Mowie, and let's get that guy," calling the defendant Alexander by his nickname. Thereupon the two defendants started after the deceased, who was then about two blocks down the street. When they arrived within a short distance of the deceased the defendant Avilla took off his coat and threw it to another one of his companions and the two defendants then crossed the street and, running part of the way, caught up with the deceased. The defendant Avilla grabbed the deceased and held him by his right hand and said to him: "You are one of these wise guys from Alameda that hit me before." The deceased replied: "No, you are badly mistaken," and smiled. He attempted to break away from the defendant Avilla and thereupon that defendant struck the deceased in the face, knocking him down. As the deceased fell the back of his head struck upon the hard pavement

of the street, causing a basal fracture of the skull. Deceased never regained consciousness, but died a short time thereafter. It appears that the deceased was a young man of frail build; that throughout the occurrence he kept his left hand in his pocket, and that he made no resistance and no threats of any kind against either of the defendants. In fact, it appears without conflict that the attack was wholly without provocation and that it was deliberate and inexcusable.

[1] On behalf of the appellant Avilla it is argued that he should have been certified to the juvenile court upon the claim that he was under the age of eighteen years. However, the only evidence offered by this appellant to prove that he was under the age of eighteen years was so uncertain and unsatisfactory that the trial court did not abuse its discretion in accepting the conflicting evidence upon the same subject matter.

[2] It is also urged that the offense, if any, was manslaughter and not murder. In this behalf it is argued that the striking of the blow which caused deceased to fall over upon the pavement was the commission of an unlawful act not amounting to a felony, and that, therefore, the offense could be manslaughter only. But the intent to kill is plainly inferable from the evidence and the circumstances leading to the striking of the blow. It was shown without conflict that the deceased was a young man who had caused no offense or provocation for any attack upon him by these appellants; that the appellant Avilla, after having hit him with a rock or clod of dirt and having seen him go on his way without retaliation, persuaded his codefendant to join him in an attack upon the deceased, using the words: "Come on, Mowie, and let's get that guy." All the evidence goes to show that they deliberately pursued the deceased and that the blow was struck while the deceased had his left hand in his pocket and while the appellant Avilla held his right hand, thus causing him to fall backward with his head striking upon the hard pavement and without any opportunity of defending himself against the fall. It is presumed "that a person intends the ordinary consequence of his voluntary act" (subd. 3, sec. 1963, Code Civ. Proc.), and this appellant must be presumed to have known that by holding the only free hand of the deceased fatal injuries

would result from the striking of his head upon the hard pavement. ·

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1923.