[Crim. No. 8922. First Dist., Div. Four. July 16, 1970.]

In re LEONARD DOUGLAS COLAR, a Minor, on Habeas Corpus.

## COUNSEL

Paul Ligda, Public Defender, and Jon P. Siegel, Deputy Public Defender, for Petitioner.

Thomas C. Lynch, Attorney General, Derald E. Granberg and Gloria F. DeHart, Deputy Attorneys General, for Respondent.

## OPINION

**DEVINE, P. J.**—Petitioner Leonard Colar, age 16, was arrested on a warrant after a complaint was filed charging him with the murder of his father. When he appeared for arraignment, the municipal court certified him to the juvenile court because of his age. A petition was filed to make him a ward of the juvenile court under section 602 of the Welfare and Institutions Code. Petitioner seeks habeas corpus, contending that he is being illegally confined because a detention hearing as described in Welfare and Institutions Code section 632 was refused by the court.

Welfare and Institutions Code section 632 states: "Unless sooner re-

leased, a minor *taken into custody under the provisions of this article* shall be brought before a judge or referee of the juvenile court for a hearing (which shall be referred to as a 'detention hearing') to determine whether the minor shall be further detained, as soon as possible but in any event before the expiration of the next judicial day after a petition to declare such minor a ward or dependent child has been filed. If the minor is not brought before a judge or referee of the juvenile court within the period prescribed by this section, he shall be released from custody." (Italics added.) Section 635 provides that the minor shall be released from custody unless it appears from the hearing "that such minor has violated an order of the juvenile court or has escaped from the commitment of the juvenile court or that it is a matter of immediate and urgent necessity for the protection of such minor or the person or property of another that he be detained or that such minor is likely to flee the jurisdiction of the court . . ."

█ The Attorney General contends that section 632 is inapplicable to petitioner because he was taken into custody pursuant to a criminal complaint and warrant and brought before the juvenile court by certification; therefore, it is argued, he was not taken into custody "under the provisions of this article" (meaning Welf. & Inst. Code, div. 2, pt. 1, ch. 2, art. 6, commencing with § 625), which specifies the circumstances under which a peace officer may take a minor into custody and deliver him to a probation officer, after which he must either be released or a detention hearing held. (Welf. & Inst. Code, §§ 625-632.) The Attorney General contends that because a criminal complaint was filed, petitioner comes under the bail provisions of the general criminal law (Pen. Code, § 1268 et seq.), and that bail was properly withheld because of the offense with which he has been charged.

We do not agree with the Attorney General's narrow interpretation of the Juvenile Court Law (Welf. & Inst. Code, § 500 et seq.). The Juvenile Court Law is to be construed liberally to carry out its purpose, which is not to punish, but to determine what is best for the welfare of the minor. (Welf. & Inst. Code, § 502.) Section 502 expresses the policy of the law "to preserve and strengthen the minor's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety and protection of the public cannot be adequately safeguarded without removal."

Section 604 requires that whenever a defendant in a criminal case is found to be under the age of 18 years, the court to which he is brought must "immediately suspend all proceedings" and certify him to juvenile court; the probation officer must then file a petition to commence proceed-

ings to declare the minor a ward or dependent of the court. An order adjudging a minor to be a ward of the juvenile court is not deemed a conviction of a crime, nor is a proceeding in the juvenile court deemed to be a criminal proceeding. (Welf. & Inst. Code, § 503.) The clear intent of the Legislature is that a minor under the age of 18 who is charged by complaint with a criminal offense is to be treated like any other minor brought before the juvenile court, rather than like a criminal defendant.[1] We note that petitioner could have been taken into custody by a police officer under the provisions of section 625, subdivision (a), instead of being arrested by warrant. The Legislature could not have intended that the procedural rights of a minor charged with a crime would be dependent on which option the authorities chose to pursue.

A serious question of equal protection of the laws would arise if the police or the prosecution could determine in each case whether the minor would or would not have a detention hearing merely by using one or the other process of taking the minor into custody.

Moreover, if a juvenile who is in petitioner's position be not afforded a detention hearing, he is in this extraordinary and anomalous situation: having been remanded to the juvenile court, he does not have an express right to bail under present statutes (Cal. Juvenile Court Practice (Cont. Ed. Bar) §§ 37, 49, 57, 184); nor does he have a prompt hearing on the matter of custody. It is not a sufficient answer to say, in respect of bail, that this petitioner would not be entitled to bail in any event because the offense with which he is charged is one "punishable with death" (Pen. Code, § 1270). In the first place, it is a strained interpretation of the section to hold that petitioner comes within that section, although the *offense* is capital, because petitioner, being under the age of 18 at the time of the alleged commission of the crime, is not subject to the death penalty (Pen. Code, § 190.1). True, the burden of proof as to his age is upon defendant (Pen. Code, § 190.1), but for present purposes, the courts have dealt with him as being under 18 years. In the second place, even an adult may be admitted to bail in capital cases except when the proof of his guilt is evident or the presumption thereof great (Pen. Code, § 1270). If petitioner were in the criminal courts, he would be entitled to be heard on the matter of bail.

Nor is it sufficient that petitioner will have a jurisdictional hearing before the juvenile court under Welfare and Institutions Code, section 702 at a

---

[1]Welfare and Institutions Code section 606 authorizes the resumption of criminal proceedings if the juvenile court finds that a minor (one under 18 years) is "not a fit and proper subject" to be dealt with under the Juvenile Court Law. A hearing was held on this issue, as authorized in section 707, and it was determined that petitioner should be retained in the juvenile system.

later time, and that the matter of custody may be considered then. The detention hearing is the more immediate, and if petitioner is entitled to it, he should have it.[2] (Actually petitioner might have saved time by not insisting on the detention hearing because the jurisdictional hearing would have been held long since, but he has chosen to demand it.) If the detention hearing may be avoided in this case, it may be avoided in others when the arresting officer chooses to bring a minor before a magistrate. The detention hearing and release provisions of the Juvenile Court Law are essentially a substitute for the bail provisions of the Penal Code. (*In re Castro,* 243 Cal.App.2d 402, 412 [52 Cal.Rptr. 469].) They are, therefore, matters of large importance to juveniles and to those who are interested in their rights.

With these considerations in mind, we find it proper to apply to this case the fundamental rule of construction of statutes that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law, and that such purpose will not be sacrificed to a literal construction of any part of the act. (*Select Base Materials, Inc.* v. *Board of Equalization,* 51 Cal.2d 640, 645 [335 P.2d 672].) As an example of the application of this rule to a matter of custody, we cite *In re Kernan,* 242 Cal.App.2d 488 [51 Cal.Rptr. 515], in which it was held that section 3201 of the Welfare and Institutions Code, insofar as it provides that a person who requests the district attorney to file a petition for his commitment (for narcotic addiction) must be discharged no later than two years and six months after his commitment, was applicable even though the request formally was made by the father of the committed person, but the committed person had been entirely willing to take advantage of the rehabilitation program. Literal interpretation of the statute was rejected. (See also *Grasso* v. *McDonough Power Equipment, Inc.,* 264 Cal.App.2d 597, 599 [70 Cal.Rptr. 458].)

The intention of the Legislature to subordinate form to substance in the Welfare and Institutions Code is given expression in section 6 thereof which reads: "Division, part, chapter, article and section headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning, or intent of the provisions of any division, part, chapter, article or section hereof." Although this section does not, of course, in itself answer the question in this case, it does indicate that the entire scope and purpose of the Juvenile Court Law takes precedence, in cases involving interpretation, over strict adherence to particulars.

Having been certified to the juvenile court, petitioner was entitled to a determination of whether he should be released, pending a jurisdiction hear-

---

[2]The juvenile court judge made an order that petitioner should be detained at the county jail and not at juvenile hall. But this in no way is a substitute for the statutory detention hearing.

ing, based on the criteria established for juvenile cases and set forth in section 625.

The petition for writ of habeas corpus is granted and the Superior Court of Solano County, sitting as the juvenile court, is directed to hold a detention hearing, pursuant to Welfare and Institutions Code section 632, in case No. 7240.

Rattigan, J., and Christian, J., concurred.