[Crim. No. 40119. Second Dist., Div. Two. Aug. 20, 1981.]

In re KEVIN B., a Minor, on Habeas Corpus.

COUNSEL

Wilbur F. Littlefield, Public Defender, Paul A. James, Timothy Murphy and Jack T. Weedin, Deputy Public Defenders, for Petitioner.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Respondent.

OPINION

BEACH, J.—

## I

### THE ISSUE

The question presented in this case is whether a juvenile may be detained after an adjudication hearing but pending the dispositional hearing even though he was at liberty pending the adjudication hearing.

## II

### BACKGROUND

The juvenile in this case was charged with committing an act which would have been stealing an automobile if committed by an adult. He previously had been found in violation of the law and was on the juvenile equivalent of probation for an assault charge. In the instant matter, the petition was sustained and the facts were found to be true as alleged

that he had violated a criminal statute stealing another person's car. Although he had been at large during the proceedings, after the adjudication the juvenile court ordered him detained (i.e., remanded to custody) following the adjudication.

Through his lawyer, the public defender, the juvenile sought release from such detention pending the dispositional hearing. He applied to this court for a writ of habeas corpus. We denied the writ and he applied to the Supreme Court. The Supreme Court retransferred the matter to this court. Although seemingly moot because of the passage of time, we read the order of retransfer as directing this court to consider the matter on its merits.

■ Relying upon *In re Macidon* (1966) 240 Cal.App.2d 600 [49 Cal.Rptr. 861], the public defender, on behalf of the juvenile, argues that without a showing of new facts since the petition was filed, the petitioner could not be remanded to custody. Counsel for the juvenile declares "The fact situation in *Macidon* is identical to those in this case, *except* that in *Macidon* the detention was *pre*-adjudication and in this case Abel [presumably referring to the minor Kevin] is detained *post*-adjudication, pending his dispositional hearing. Still the *Macidon* standard of 'new or previously undiscovered facts' should apply." (Italics added.) Of course, the difference between *Macidon* and this case, although quickly glossed over by counsel, i.e., postadjudication v. preadjudication orders, is tremendously important. In the case at bench the adjudication hearing did in fact disclose and prove as a matter of legally recognized substance "new facts" which rendered the detention order perfectly valid. The new facts proven were that petitioner had committed a new offense of stealing and also had violated his conditions of probation previously imposed.

The argument presented by the district attorney in the People's answer and return to petition for writ of habeas corpus correctly explains the correctness of the court's conduct and the applicable statute supporting the court's action.

We recognize the teaching of *Macidon*, "where, as here, the minor has been relinquished to the custody of his parent and remained there for a period of over five weeks there should be some evidence to show new or previously undiscovered facts relating to one of the grounds for

detention in order to justify such an order." (*In re Macidon, supra*, 240 Cal.App.2d 600, 608.) Granted that *Macidon* is a correct statement of the law in respect of the situations to which it applies, it is not at all helpful to the minor here at bench.

In *Macidon*, "there [was] no evidence to show that [the minor] falls within any of the categories of [Welf. & Inst. Code] section 636" (*Id.*, at p. 608.) In this respect, *Macidon* is inherently distinguishable and different from the case at bench; for Welfare and Institutions Code section 636 specifically authorizes the juvenile court to detain the minor "[i]f it appears upon the hearing that such minor has violated an order of the juvenile court...." The *Macidon* rule as urged here in Kevin's behalf has no application when it appears that the minor has violated an order of the juvenile court. We note that Welfare and Institutions Code section 635 appears to recognize detention as the appropriate and usual practice whenever the minor *has* violated an order of the juvenile court: "... unless it appears that such minor has violated an order of the juvenile court ... the court shall make its order releasing such minor from custody...."[1] (Welf. & Inst. Code, § 635; see also Welf. & Inst. Code, § 702; rule 1356(b), Cal. Rules of Court.)

Additionally, the *Macidon* holding, by its very terms, has no application when there is "evidence to show ... previously undiscovered facts relating to one of the grounds for detention." (*In re Macidon, supra*, at p. 608.) In the case at bench, it was manifestly not until the juvenile court had determined, in the course of the May 7 hearing, that "[m]inor is a person described by Section 602 of the Welfare and Institutions Code,"[2] that it could be ascertained that Kevin B. was "in violation of a court order, to wit: the condition that Kevin obey all laws" through the medium of being in violation of his prior probation. In short, therefore, the determination that Kevin "is a person described by Section 602 of the Welfare and Institutions Code," coupled with his prior probation and the condition thereof that he obey all laws, amply warranted the order under review. *Macidon* creates no impediment to this conclusion.

---

[1]The petition studiously avoids any reference to Welfare and Institutions Code sections 635 and 636.

[2]"Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court." (Welf. & Inst. Code, § 602.)

The petition for writ of habeas corpus is denied.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied September 3, 1981, and petitioner's application for a hearing by the Supreme Court was denied October 14, 1981. Tobriner, J., and Newman, J., were of the opinion that the application should be granted.