[No. E005947. Fourth Dist., Div. Two. Dec. 28, 1988.]

In re TORI TALBOTT on Habeas Corpus.

**COUNSEL**

Joseph E. Taylor, Public Defender, and Paul T. DeQuattro, Deputy Public Defender, for Petitioner.

Grover C. Trask II, District Attorney, Dodie A. Dunn and Gary Tranbarger, Deputy District Attorneys, for Respondent.

**OPINION**

**HOLLENHORST, J.**—The superior court ordered minor detained in juvenile hall after finding minor to be a person described by section 602 of the

Welfare and Institutions Code. Minor has petitioned for the issuance of a writ of habeas corpus relieving her from the detention order. This court granted the petition for writ of habeas corpus and issued an order to show cause why the relief prayed for should not be granted. Pending determination of the petition, this court ordered the juvenile court to conduct a detention hearing pursuant to Welfare and Institutions Code section 632 et seq.

We are called upon to decide whether a minor, having been adjudicated to fall within the provisions of Welfare and Institutions Code section 602, is entitled to a detention hearing after being detained prior to disposition.

## FACTS

Minor appeared initially in the Los Angeles County Superior Court, Juvenile Division, and admitted the truth of paragraph 2 of the petition, auto theft, a felony (Veh. Code, § 10851); the court, at a jurisdictional hearing, found minor to be a person described by Welfare and Institutions Code section 602. Finding minor's residence to be in Riverside County, the court transferred jurisdiction to the Riverside County Superior Court Juvenile Division and released minor to the custody of her mother.

At the dispositional hearing held in Riverside County, the court ordered the matter continued two additional weeks to obtain further information. The court detained minor and set the matter for contested detention hearing the following day. At the time of the hearing, however, the court ruled minor was not entitled to a detention hearing.

## DISCUSSION

██ As we have noted, the underlying issue in the instant matter has been resolved, however, we decline to treat this case as moot for the following reasons: (1) there is a paucity of authority regarding the question; (2) it is of broad public interest; and (3) it is likely to recur yet evade review. (*Ballard* v. *Anderson* (1971) 4 Cal.3d 873, 876 [95 Cal.Rptr. 1, 484 P.2d 1345, 42 A.L.R.3d 1392]; *In re Conservatorship of Fadley* (1984) 159 Cal.App.3d 440, 455 [205 Cal.Rptr. 572]; *In re William M.* (1970) 3 Cal.3d 16, 23-25 [89 Cal.Rptr. 33, 473 P.2d 737].)

The Legislature has established a clearly defined procedure for determining which juveniles should be detained after their initial apprehension by law enforcement.

Welfare and Institutions Code section 628, subdivision (a) requires "the probation officer shall immediately investigate the circumstances of the

minor and the facts surrounding his being taken into custody and shall immediately release such minor to the custody of his parent, guardian or responsible relative . . . ."[1] A juvenile court petition must be filed within 48 hours if the juvenile is detained (Welf. & Inst. Code, § 631), and the detainee must be brought before a judge or referee for a detention hearing as soon as possible but no later than one day after the filing of the petition (Welf. & Inst. Code, § 632). At the detention hearing, the juvenile, his parents or counsel are entitled to present witnesses (Welf. & Inst. Code, § 635) and the detained minor enjoys the rights against self-incrimination and of confrontation of any person examined by the court. (Welf. & Inst. Code, § 630, subd. (b).)

■ Against this panoply of rights enjoyed by a detained juvenile prior to the jurisdictional hearing, we must now articulate which of those rights endure beyond the jurisdictional hearing if the court detains the minor after jurisdiction has been found.

■ A juvenile offender is not entitled to bail. However, the safeguards and due process requirements set forth in Welfare and Institutions Code section 628 et seq. are " '. . . procedural protections [that] must be observed in order to guarantee the fundamental fairness of juvenile proceedings. . . .' " (*Aubry* v. *Gadbois* (1975) 50 Cal.App.3d 470, 474 [123 Cal.Rptr. 365].)

■ The issue of the requirement for detention hearing *after* the initial apprehension of the juvenile was addressed by the court in *In re Macidon*

---

[1] Welfare and Institutions Code section 628 reads as follows: "(a) Upon delivery to the probation officer of a minor who has been taken into temporary custody under the provisions of this article, the probation officer shall immediately investigate the circumstances of the minor and the facts surrounding his being taken into custody and shall immediately release such minor to the custody of his parent, guardian, or responsible relative unless one or more of the following conditions exist: [¶] (1) The minor is in need of proper and effective parental care or control and has no parent, guardian, or responsible relative; or has no parent, guardian, or responsible relative willing to exercise or capable of exercising such care or control; or has no parent, guardian, or responsible relative actually exercising such care or control. [¶] (2) The minor is destitute or is not provided with the necessities of life or is not provided with a home or suitable place of abode. [¶] (3) The minor is provided with a home which is an unfit place for him by reason of neglect, cruelty, depravity or physical abuse of either of his parents, or of his guardian or other person in whose custody or care he is. [¶] (4) Continued detention of the minor is a matter of immediate and urgent necessity for the protection of the minor or reasonable necessity for the protection of the person or property of another. [¶] (5) The minor is likely to flee the jurisdiction of the court. [¶] (6) The minor has violated an order of the juvenile court. [¶] (7) The minor is physically dangerous to the public because of a mental or physical deficiency, disorder or abnormality. [¶] (b) In any case in which there is reasonable cause for believing that a minor who is under the care of a physician or surgeon or a hospital, clinic, or other medical facility and cannot be immediately moved is a person described in subdivision (d) of Section 300, the minor shall be deemed to have been taken into temporary custody and delivered to the probation officer for the purposes of this chapter while he is at the office of the physician or surgeon or such medical facility."

(1966) 240 Cal.App.2d 600 [49 Cal.Rptr. 861]. That minor was released to his parent at that time and five weeks later redetained. The court found inadequate evidence to support the detention and observed: "In any event, where, as here, the minor has been relinquished to the custody of his parent and remained there for a period of over five weeks there should be some evidence to show *new or previously undiscovered facts* relating to one of the grounds for detention in order to justify such an order. The case is analogous to those wherein there has been an arbitrary increase in the amount of bail." (*Id.,* at p. 608, italics added.)

*Macidon* was a prejurisdictional detention order. The People urge a different standard between preadjudication and postadjudication with regard to the necessity of a detention hearing. We find no basis in law for this position and the basic philosophy of juvenile justice is opposed to this position. The issue of postadjudication detention must be considered in light of the goals of juvenile justice: ". . . to preserve and strengthen the minor's family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public." (Welf. & Inst. Code, § 202; *In re Colar* (1970) 9 Cal.App.3d 613, 615 [88 Cal.Rptr. 651].)

The case of *In re Kevin B.* (1981) 122 Cal.App.3d 808 [176 Cal.Rptr. 237] provides considerable guidance in this matter. Kevin B. was a minor who was on juvenile probation and was alleged to have committed a new offense. (*Id.,* at p. 809.) He was out of custody during the proceedings on the new offense. (*Id.,* at p. 810.) At the jurisdictional hearing, the juvenile court found that Kevin had committed the new offense and that he had violated his probation by violating a court-ordered condition of probation that he commit no further crimes. (*Ibid.*) The juvenile court then ordered him detained pending his dispositional hearing. (*Ibid.*) Kevin petitioned for a writ of habeas corpus on the ground that under the *Macidon* rule he should not have been detained because no new or previously undiscovered facts had been presented to the court since the petition was filed. (*Ibid.*) The appellate court acknowledged the correctness of the *Macidon* rule, but pointed out that the evidence presented to the juvenile court that Kevin had committed a new crime and violated an order of the juvenile court represented new facts sufficient to warrant the detention order. (*Id.,* at p. 811.)[2]

We also find significant the requirement that before a minor can be separated from parental custody at *disposition,* the court is required to make

---

[2] The appellate court also noted that pursuant to Welfare and Institutions Code section 636, violation of a court order is itself sufficient grounds for detention. (*In re Kevin B., supra,* 122 Cal.App.3d at p. 811.)

findings that his or her welfare requires that custody be taken from the parent (or guardian). (Welf. & Inst. Code, § 726, subds. (a), (b) & (c).)[3]

In the instant matter, minor was released in her mother's custody after the Los Angeles County juvenile court adjudged her to come within the provisions of Welfare and Institutions Code section 602. There is no showing that the Riverside County juvenile court was ever presented with "new or previously undiscovered facts" upon which it could base its decision to redetain minor after she had been released following adjudication. (*In re Macidon, supra,* 240 Cal.App.2d at p. 608.) When the court denied minor an opportunity to contest the detention order, minor had no opportunity to contest the reason for detention, whatever it may have been. ■ ■ ■ ■ ■ We hold therefore, consistent with the juvenile court law and the traditional notions of due process, that a minor is entitled to contest the reasons for detention even after the court finds jurisdiction.[4]

---

[3] Welfare and Institutions Code section 726 reads as follows: "In all cases wherein a minor is adjudged a ward or dependent child of the court, the court may limit the control to be exercised over such ward or dependent child by any parent or guardian and shall by its order clearly and specifically set forth all such limitations, but no ward or dependent child shall be taken from the physical custody of a parent or guardian unless upon the hearing the court finds one of the following facts: [¶] (a) That the parent or guardian is incapable of providing or has failed or neglected to provide proper maintenance, training, and education for the minor. [¶] (b) That the minor has been tried on probation in such custody and has failed to reform. [¶] (c) That the welfare of the minor requires that his custody be taken from his parent or guardian. [¶] In any case in which the minor is removed from the physical custody of his parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. [¶] As used in this section and in Section 731, 'maximum term of imprisonment' means the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code or to consider time for good behavior or participation pursuant to Sections 2930, 2931, and 2932 of the Penal Code, plus enhancements which must be proven if pled. [¶] If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be specified in accordance with subdivision (a) of Section 1170.1 of the Penal Code. [¶] If the charged offense is a misdemeanor or a felony not included within the scope of Section 1170 of the Penal Code, the 'maximum term of imprisonment' is the longest term of imprisonment prescribed by law. [¶] 'Physical confinement' means placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home pursuant to Section 730, or in any institution operated by the Youth Authority. [¶] Nothing in this section shall be construed to limit the power of the court to retain jurisdiction over a minor and to make appropriate orders pursuant to Section 727 for the period permitted by Section 607."

[4] This case involved an admission at the jurisdictional hearing. We believe, in keeping within *Kevin B., supra,* 122 Cal.App.3d 808, that a contested jurisdictional hearing provides an appropriate forum to address detention issues should the court decide to detain the minor, consistent with the provisions of Welfare and Institutions Code section 702.

## DISPOSITION

The order to show cause having served its purpose, is discharged and the writ of habeas corpus is denied.

McDaniel, Acting P. J., and Hews, J., concurred.