[No. G005664. Fourth Dist., Div. Three. Aug. 22, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
TIEN VAN NGUYEN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rule 976(b), parts 3, 4, 5, and 6 of the Facts, and 2, 3, 4, and 5 of the Discussion are not published, as they do not meet the standards for publication.

COUNSEL

David A. Kay, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Jay M. Bloom and Gil P. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MOORE, Acting P. J.—A jury convicted Tien Van Nguyen of felony murder (Pen. Code, § 187; count I), attempted residential robbery (Pen. Code, §§ 664/211/former 213.5; count II), first degree burglary (Pen. Code, § 459/460; count III), and robbery (Pen. Code, § 211; count V). It also found appellant personally used a firearm when committing the attempted robbery, and was armed with a firearm during the commission of the murder. (Pen. Code, §§ 12022.5, subd. (a), 12022, subd. (a).) The lower court imposed prison sentences for the murder, burglary and robbery charges, but stayed sentencing on the attempted robbery.

In the published portion of this opinion we consider the validity of the lower court's pretrial ruling finding appellant was an adult when the crimes occurred.

FACTS

1. *Summary of the evidence.*

On May 5, 1986, Kim Ngo lived with her mother, father and 13 brothers and sisters in a house on South Huron Street in Santa Ana. At 10:15 p.m. that evening Kim returned home from college, parking her car in the driveway.

Kim saw a man standing by the car pointing a revolver at her head. She then saw four other men in front of her car with their faces covered and holding guns. The men ordered Kim to turn over her car keys. The keys were never recovered.

The assailants moved Kim to the front of the car and ordered her to duck down. They began planning how to enter the residence. One suggested holding Kim outside while some members of the group entered the house. If anything went wrong, the members remaining outside would shoot Kim. This idea was discarded, and the assailants agreed all would enter the house holding Kim.

One assailant held Kim by the shoulder, pointed a gun at her back and walked her toward the front door followed by the other four. Kim's eight-year-old brother saw her coming and opened the door. As the group entered the house, Kim was shoved onto a couch. One assailant entered the kitchen and unhooked a telephone while another began checking bedrooms and bathrooms ordering family members into the living room.

When the latter assailant entered the last bedroom, Hoang Thihuyn, the family's mother, exclaimed "Oh my God" in Vietnamese. A gunshot rang out. The assailant ran out of the bedroom and told the other four men to leave which they did. Hoang Thihuyn subsequently died from a single gunshot wound.

During the ensuing five weeks the police arrested several persons suspected of participating in the attack. Based on information received from these suspects, appellant was arrested outside his residence June 12.

After his arrest, appellant agreed to speak to the police and admitted participating in the attack on the South Huron residence. Appellant stated

he approached Kim's car and walked Kim to the door holding a gun to her back. But appellant claimed he handed the gun to another assailant upon entering the house. He denied shooting the homicide victim. Appellant's pretrial motion to exclude his confession was denied and a tape recording and written transcript of it were introduced at trial.

The defense rested without presenting any evidence. Defense counsel argued appellant did not participate in the attack on the South Huron residence, claiming his confession was involuntary, and the information appellant provided to the police when interrogated could have been obtained from the news media's extensive coverage of the incident.

2. *Motion challenging the superior court's jurisdiction over appellant.*

At the preliminary hearing, appellant argued adult courts lacked jurisdiction to proceed with the prosecution of him because he was only 13 when the crimes occurred. Defense counsel accepted the burden of proof on this issue conceding appellant's age was a matter peculiarly within his knowledge.

The parties presented conflicting evidence on appellant's age. Appellant and his 26-year-old sister fled Vietnam in 1980 and entered the United States in 1981. His sister denied recalling when appellant was born. Before leaving Vietnam, their mother stated appellant's date of birth was September 6, 1972. This date was used on appellant's immigration documents when he entered the United States. His sister admitted that, although she was appellant's legal guardian, he had not lived with her continuously since April 1985.

On several occasions appellant gave the police and school authorities different birthdates generally falling in May or June 1966 or June 1967. In 1985, appellant stated under oath his date of birth was June 7, 1966, relying on a letter he received from his mother. Prior to his arrest, appellant was attending high school.

The magistrate denied appellant's motion.[1] Appellant renewed it in the superior court. After reviewing the preliminary hearing evidence, the court denied the motion for the following reasons: (1) The photograph of appel-

---

[1] During the preliminary hearing, respondent moved to compel a medical examination of appellant to establish his age. The defense objected. The magistrate deferred ruling on the motion, decided appellant's certification request based on the evidence previously introduced, and noted respondent's motion could be re-filed if appellant was bound over to the superior court and he renewed his request to transfer the case to the juvenile court. Respondent did not renew the motion.

lant appearing on his immigration identification card (green card), taken when he entered the United States, "did not appear to be a picture of a nine-year old boy;" (2) in person, appellant looked like he was twenty (3) appellant gave conflicting statements about his age depending upon his objective; and (4) appellant was sophisticated.

The court concluded, "I'm confident when I say looking at this young man before me, he's not 14, he's 20. And I spent a lot of time reading the transcripts. [¶] If I had to call this beyond a reasonable doubt, there is no way I could do it based on the transcript. I am satisfied in my mind he's not 14 and is an adult."

3.-6.*

. . . . . . . . . . . . . . . . . . . .

### DISCUSSION

1. *The lower court properly denied appellant's motion challenging the superior court's jurisdiction.*

 Appellant contends respondent had the burden of proving, beyond a reasonable doubt, jurisdiction to try him rested in an adult court rather than the juvenile court. At oral argument, appellant adopted, as an alternative, a suggestion that the prosecution be required to shoulder this burden by clear and convincing evidence.

The issues presented here involve who had the burden of proving appellant's age and what was the burden of persuasion on that question. Welfare and Institutions Code section 604, subdivision (a) states that "[w]henever a case is before any court upon an accusatory pleading and it is suggested or appears to the judge" the defendant was a minor when the offense allegedly occurred, the court must suspend the proceedings and hold a hearing to determine the defendant's age. Certification of the matter to the juvenile court is required only if "it appears to [the court's] satisfaction that the person was at the date the offense is alleged to have been committed under the age of 18 years . . . ."

Welfare and Institutions Code section 604 does not expressly answer either of the questions presented by this appeal. For the reasons discussed below we construe section 604 as imposing the burden of proof on the party

---

*See footnote, *ante,* page 1612.

seeking to have the defendant certified to the juvenile court, and that the burden of persuasion is a preponderance of the evidence.

Before a case can be certified to the juvenile court under Welfare and Institutions Code section 604, it must appear to the adult court's "*satisfaction* that the person was . . . *under the age of 18 years.*" (Italics added.) The italicized language requires certification only where the evidence establishes the defendant was a minor when the crime charged allegedly occurred. In other words, if the trial court is not satisfied the defendant was under 18, the suspension is lifted and the adult criminal proceedings go forward. From this language we conclude the burden of proof under section 604 falls upon the party seeking to have the matter certified to the juvenile court.

In addition to the statutory language, several other reasons support our interpretation. Generally, a party has the burden of proving the existence or nonexistence of every fact that is essential to a claim for relief or defense that he or she is asserting. (Evid. Code, §§ 500, 550.) Since Welfare and Institutions Code section 604 permits an adult court to retain jurisdiction of the case unless the court is satisfied the defendant was a minor, the burden of proof is on the party seeking to establish the existence of the defendant's minority.[2]

Furthermore, this conclusion is in accord with the jurisdictional scope of the juvenile and superior courts. The superior court is the court of general jurisdiction in California. Article 6, section 10 of the California Constitution states in part: "Superior courts have original jurisdiction in all causes except those given by statute to other trial courts." In contrast, the juvenile court is a branch of the superior court and generally limited to persons under 18 years of age who are deemed dependent children (Welf. & Inst. Code, § 300 et seq.), status offenders (Welf. & Inst. Code, § 601), or who commit an act that constitutes a criminal offense (Welf. & Inst. Code, § 602). ■ "A superior court convened as and exercising the special powers of a juvenile court is vested with jurisdiction to make only those limited determinations authorized by the legislative grant of those special powers. [Citations.]" (*In re Lisa R.* (1975) 13 Cal.3d 636, 643 [119 Cal.Rptr. 475, 532 P.2d 123, 90 A.L.R.3d 1017]. See also *People* v. *Superior Court* (1930) 104 Cal.App. 276, 280 [285 P. 871].)

■ Finally, we note the determination of whether this case should proceed in an adult or a juvenile court does not involve an issue of subject matter jurisdiction. ■ "Subject matter jurisdiction cannot be conferred by consent or estoppel. [Citation.] Thus the parties to a judicial proceeding

[2]Likewise, if the district attorney should initiate proceedings in the juvenile court and age is contested, the People would have the burden of proving minority by a preponderance of the evidence.

cannot, either jointly or severally, effectively stipulate or concede that the court either has or lacks jurisdiction to act in the particular matter. [Citation.] ■ And lack of jurisdiction will render the judgment void, and subject not only to reversal on appeal but to collateral attack . . . ." (4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Jurisdiction and Venue, § 1822, p. 2159.)

■ However, it is well settled that a person who is eligible to have his or her case proceed in juvenile court may waive this right either knowingly, or by failing to timely and properly raise the matter. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 713-714 [135 Cal.Rptr. 392, 557 P.2d 976]; *People* v. *Oxnam* (1915) 170 Cal. 211, 218 [149 P. 165] overruled on other grounds in *In re Ramon M.* (1978) 22 Cal.3d 419, 429, fn. 12 [149 Cal.Rptr. 387, 584 P.2d 524]; *Rucker* v. *Superior Court* (1977) 75 Cal.App.3d 197, 200-201 [141 Cal.Rptr. 900]; *People* v. *Navarro* (1963) 212 Cal.App.2d 299, 303 [27 Cal.Rptr. 716]; *People* v. *Lavandera* (1951) 108 Cal.App.2d 431, 433-434 [239 P.2d 30]; *In re Application of Tassey* (1927) 81 Cal.App. 287, 293 [253 P. 948] disapproved on an unrelated ground in *In re McInturff* (1951) 37 Cal.2d 876, 881-882 [236 P.2d 574].)

■ Appellant sought to have his case transferred to the juvenile court alleging he was only 13 at the time the offenses were committed. Therefore, we conclude he had the burden of proving this fact.

■ We also hold the applicable burden of persuasion is preponderance of the evidence. Again, Welfare and Institutions Code section 604, subdivision (a) does not specify the standard that must be met to require certification to the juvenile court. It states only that the defendant's minority be established to the court's "satisfaction."

Evidence Code section 115 states in part: "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." No constitutional, statutory or decisional law requires a different burden of persuasion in this particular situation.

In fact, the preponderance standard has been employed in analogous contexts. For example, Welfare and Institutions Code section 707 allows a minor, 16 years or older, to be prosecuted in superior court if he or she is unfit to be dealt with under the juvenile court law. Subdivision (c) thereof creates a presumption of unfitness where the minor is charged with having committed one of several serious offenses, including murder and robbery. In *People* v. *Superior Court* (*Steven S.*) (1981) 119 Cal.App.3d 162 [173 Cal.Rptr. 788, 22 A.L.R.4th 1140], the Court of Appeal held section 707, subdivision (c) "places upon the minor the burden of proof as to the nonex-

istence of the presumed fact [citation] and that the minor's burden of proof requires proof by a preponderance of the evidence [citation]." (*Id.* at p. 177.)

Also, Penal Code section 190.5 imposes on a defendant the burden of proving he or she was under 18 when committing a capital offense to avoid being subject to the death penalty. In *People* v. *Ellis* (1929) 206 Cal. 353, 357-358 [274 P. 353], the Supreme Court held the defendant's burden of persuasion on this issue is by a preponderance of the evidence.

Finally, the Legislature has established a statutory procedure allowing a court to suspend criminal proceedings and determine whether a defendant is mentally competent to stand trial for the charged offense or offenses. (Pen. Code, § 1367 et seq.) At the trial of this issue, "[i]t shall be presumed that the defendant is mentally competent unless it is proved by a preponderance of the evidence that the defendant is mentally incompetent." (Pen. Code, § 1369, subd. (f). See also *People* v. *Bye* (1981) 116 Cal.App.3d 569, 573-577 [172 Cal.Rptr. 186].)

Appellant contends the prosecution should have the burden of proving his age by proof beyond a reasonable doubt or by clear and convincing evidence. We reject this argument for several reasons.

First, contrary to appellant's argument, proof of his age is not analogous to an element of an offense. In criminal cases, the prosecution has the burden of proving, beyond a reasonable doubt, every fact necessary to establish the crime of which the defendant is charged. (Evid. Code, § 501; Pen. Code, § 1096; *In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 90 S.Ct. 1068]; *People* v. *Montalvo* (1971) 4 Cal.3d 328, 334 [93 Cal.Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518].) Unlike *People* v. *Montalvo*, none of the offenses appellant was charged with committing required the prosecution to establish he had achieved a certain age to support a conviction. The resolution of appellant's age merely determines which branch of the superior court will decide his guilt or innocence.

Second, use of the beyond a reasonable doubt burden of persuasion is not compelled by its underlying rationale. ■ In *In re Winship, supra*, 397 U.S. 358, the United States Supreme Court discussed the reasons for this burden of persuasion: "The requirement of proof beyond a reasonable doubt has this vital role in our criminal procedure for cogent reasons. The accused during a criminal prosecution has at stake interests of immense importance, both because of the possibility that he [or she] may lose his [or her] liberty upon conviction and because of the certainty that he [or she] would be stigmatized by the conviction . . . . To this end, the reasonable-doubt

standard is indispensable, for it 'impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.' [Citation.] [¶] Moreover, use of the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law. It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men [or women] are being condemned. It is also important in our free society that every individual going about his [or her] ordinary affairs have confidence that his [or her] government cannot adjudge him [or her] guilty of a criminal offense without convincing a proper factfinder of his [or her] guilt with utmost certainty." (*Id.* at pp. 363-364 [25 L.Ed.2d at p. 375].)

As noted, the determination of appellant's age dictates only which tribunal will hear his case. In both an adult criminal court and the juvenile court the determination of whether appellant committed the acts charged requires the prosecution to present proof beyond a reasonable doubt.

Furthermore, it is the potential loss of liberty and stigmatization in the community, not the relative severity of punishment or disrepute that determines whether the court must employ the higher burden of persuasion. In *In re Winship, supra*, 397 U.S. 358, the high court held the beyond a reasonable doubt standard of persuasion applied to juvenile delinquency proceedings even though it recognized the consequences of a delinquency finding were not as serious as a criminal conviction. (*Id.* at pp. 365-367 [25 L.Ed.2d at pp. 376-377].) Subsequently, the California Supreme Court applied the same standard to mentally disorder sex offender and narcotics addiction proceedings. (*People* v. *Burnick* (1975) 14 Cal.3d 306 [121 Cal.Rptr. 488, 535 P.2d 352]; *People* v. *Thomas* (1977) 19 Cal.3d 630 [139 Cal.Rptr. 594, 566 P.2d 228].) In so ruling, the court relied primarily on *Winship*, reasoning that if the more exacting burden of persuasion applied to juvenile delinquency proceedings, it should also apply to hearings involving a determination of whether a person is a sex offender or an addict since the potential social stigmatization and length of incarceration were even greater than that arising from a delinquency determination. (*People* v. *Burnick, supra*, 14 Cal.3d at pp. 318-325; *People* v. *Thomas, supra*, 19 Cal.3d at pp. 638-641.)

The concerns mandating use of the clear and convincing evidence burden of persuasion are similar to those compelling use of the beyond a reasonable doubt standard. (*Addington* v. *Texas* (1979) 441 U.S. 418, 423-424 [60 L.Ed.2d 323, 329, 99 S.Ct. 1804]; *In re Angelia P.* (1981) 28 Cal.3d 908, 915-922 [171 Cal.Rptr. 637, 623 P.2d 198].) However, for the reasons just discussed none of the criteria for imposing this elevated standard on respondent exists here. The determination of appellant's age merely resulted in his

classification as either a minor or an adult, and consequently, which tribunal would adjudicate his guilt or innocence of the charges.

Appellant's reliance on *In re Colar* (1970) 9 Cal.App.3d 613 [88 Cal.Rptr. 651] is without merit. *Colar* held a person arrested pursuant to a criminal complaint and warrant issued by an adult court was entitled to a detention hearing under Welfare and Institutions Code section 632 where the prosecution conceded the arrestee was a minor subject to the juvenile court's jurisdiction. (*Id*. at pp. 615-616.) In this case, appellant's age was the very fact in issue.

■ Finally, we conclude the lower court properly complied with Welfare and Institutions Code section 604's requirements in this case. After appellant raised the issue of his age, the magistrate held a hearing on the motion and denied it. Upon being bound over to the superior court, appellant again raised the matter. The lower court considered and rejected the motion before setting the cause for trial. The trial judge specifically concluded he was "satisfied" appellant was an adult. Given the conflicting evidence presented by the parties and the court's findings, we conclude the lower court properly denied appellant's motion. (*People* v. *Alexander* (1923) 62 Cal.App. 306, 308 [216 P. 968].) Therefore, appellant's first contention is without merit.

2.-5.*

. . . . . . . . . . . . . . . . . . . .

## DISPOSITION

Appellant's conviction on all counts, the sentence imposed on count I (murder) and the stay of the sentence on count II (attempted residential robbery) are affirmed. The cause is remanded to the lower court with directions to stay sentencing on count III (burglary) and to consider whether to impose or stay the sentence on count V (robbery).

Sonenshine, J., and Crosby, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 1990.

---

*See footnote, *ante*, page 1612.