Filed 1/23/14  P. v. Cervantes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSCAR CERVANTES,<br><br>    Defendant and Appellant. | 2d Crim. No. B246474<br>(Super. Ct. No. 2009002881)<br>(Ventura County) |

Oscar Cervantes was charged with (count 1) rape of Jennifer H. in violation of Penal Code section 261, subdivision (a)(2); (count 2) assault with intent to commit a felony against Jennifer H. in violation of section 220; (count 3) lewd act on Jacqueline H., a child under 14 years of age in violation of section 288, subdivision (a); and (count 4) lewd act on Tanya H., a child under 14 years of age in violation of section 288, subdivision (a).[1]

It was further alleged as to counts 1, 3 and 4 that Cervantes committed an offense specified in section 667.61, subdivision (c) against more than one victim within the meaning of subdivisions (b) and (e)(5) of that section and that at the time of the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

offense Cervantes was 14 years of age or older within the meaning of Welfare and Institutions Code section 602, subdivision (b)(2).

Cervantes waived a jury and the case was tried by the court. The court found Cervantes guilty on all charges and found all special allegations to be true. The court sentenced Cervantes to the middle term of four years on count 2 and three consecutive 15-year-to-life terms on counts 1, 3 and 4 to run consecutively to the term imposed on count 2.

We affirm.

## FACTS

### Jennifer H.

Jennifer was born in 1992. Cervantes is her first cousin. She saw him every weekend or every two weeks.

When Jennifer was between 13 and 14 years old, she spent the night in Cervantes's family's home in Fillmore. When she was in the bathroom brushing her hair, Cervantes grabbed her by the waist and forced her into her aunt's bedroom. He pushed her onto the bed, took off her clothes and put his penis in either her vagina or anus. During the rape, she was trying to push him off her. Cervantes was in high school at the time.

Cervantes attacked Jennifer again around Christmas 2007. Cervantes and his family were staying with Jennifer's family in Palmdale. Jennifer and her sister decided to go shopping with Cervantes's girlfriend, Yesenia A. Jennifer went into her room to get a sweater. Cervantes came into her room, and Jennifer told him to leave. Cervantes replied, "I'm not getting out until I get what I want." He forced Jennifer onto the bed, took off her clothes and penetrated her either vaginally or anally. Jennifer did not scream because she was afraid it would cause problems in the family. Jennifer believes Cervantes was 20 years old at the time.

At the end of December 2008, Jennifer told her pastors and mother that Cervantes had molested her. They went to the police. The police asked Jennifer to make a monitored and recorded telephone call to Cervantes. As a pretext for the call, Jennifer

2

told Cervantes she was in trouble at home and her mother was making her move in with Cervantes and his family for two months. Jennifer said she was afraid because "how you do stuff to me . . . ." Cervantes told her that was in the past. Jennifer recalled the 2007 rape. Cervantes said he was a changed man and that it would not happen again.

*Jacqueline H.*

At the time of trial, Jacqueline was 15 years old. She is Cervantes's cousin. When Jacqueline was five or six years old, she attended a family gathering at Cervantes's home. Cervantes told her there was a puppy in the back yard. When they went to the back yard, Cervantes pushed her to the ground and began rubbing her breasts and buttocks over her clothing.

*Tanya H.*

Tanya was born in 1997. She is Cervantes's cousin. She was at Cervantes's house when she was five or six years old. Cervantes took her to his room and locked the door. He laid her on the bed, placed his hands on her legs and moved them upward. He tried to remove her pants. Tanya pushed his hands away and tried to get out of the room. Cervantes tried to kiss her. Tanya's mother began banging on the bedroom door and calling for Tanya. Cervantes told Tanya not to tell or something would happen to her. Cervantes let her out of the room. Tanya left with her family and never returned to the house.

*DEFENSE*

Yesenia A. testified she has known Cervantes since 2003, when they were both 15 years old. They lived together in Cervantes's house from 2004 to 2009. They were married for over a year before divorcing. She had a close relationship with Jennifer. Jennifer never said anything about Cervantes making advances to her.

Yesenia was at a family gathering for Christmas 2007. The only time she was not in Cervantes's immediate presence was when she went to the store with Jennifer. Jennifer never went back into the house to get a sweater before leaving to go to the store. Yesenia took photographs, some of which include Cervantes and Jennifer.

3

Cervantes's mother recalled a photograph from Christmas 2007 that depicted Cervantes crawling on all fours and Jennifer trying to hit him on his buttocks.

Cervantes's sister does not remember Jennifer ever confiding in her that Cervantes did anything bad to her. Cervantes's sister took pictures at the Christmas 2007 gathering. Jennifer did not appear upset in any of them.

Jennifer also made allegations against Cervantes's father and brother, and they were convicted in connection with those allegations.

DISCUSSION

I.

Cervantes contends the trial court erred in failing to suspend criminal proceedings and conduct an examination into Cervantes's age at the time of the offense involving Jacqueline H. Cervantes argues the evidence suggests he may have been 13 years old at the time. He concludes that he should have been tried as a juvenile for that offense.

Jacqueline testified the offense occurred when she was five or six year old. By Cervantes's calculation, he was 13 years old for the first 3 months of that 24-month period.

Cervantes did not request a hearing on the matter before or during trial. Cervantes raised the issue for the first time in a motion for a new trial prior to sentencing. The trial court denied the motion, stating, "There's no evidence that [the offense against Jacqueline] occurred during the period when [Cervantes] was under 14 and he was certainly over 14 for all the others. So I think [the counts] were appropriately joined."

Cervantes concedes in his reply brief that he waived the issue for the purposes of trial by failing to raise it. But he argues he preserved it for the purposes of sentencing. He points out his motion for a new trial was made prior to sentencing. Cervantes's concession necessarily means there is no merit to his claim that the trial court erred in failing to stop the trial to conduct a hearing.

The trial court expressly found the special allegation that Cervantes was 14 years or older to be true. In addition, the trial court held a hearing on Cervantes's motion

4

for a new trial at which the issue was raised.  Cervantes offered no new evidence or offer of proof.  The trial court in denying the motion found there was no evidence Cervantes was under 14 at the time he molested Jacqueline.

The defendant has the burden of proof by a preponderance of the evidence that he meets the age criterion for filing in juvenile court.  (*People v. Blackwell* (2011) 202 Cal.App.4th 144, 153;[2] *People v. Nguyen* (1990) 222 Cal.App.3d 1612, 1618-1619.)  Here Cervantes failed to carry his burden of proof.  Indeed, he points to no evidence, as opposed to speculation, that the offense occurred when he was 13 years old.  Even if the trial court were to consider statistical probabilities, the chance the offense occurred during the first three months out of the twenty-four months that Jacqueline was five and six years old, is less than 15 percent.  That is not close to a preponderance of the evidence.

## II.

Cervantes contends the trial court erroneously believed that consecutive terms are required by statute.

Cervantes relies on the statement of the trial court, "As for Counts 1, 3 and 4, the terms is 15 years to life.  Those are to run consecutive to Count 2 and to each other.  Those are separate victims on separate occasions, and I don't believe that there's any sentencing rule that would justify making those concurrent terms given the situation.  So consecutive to the four years is 45 years to life for Counts 1, 3 and 4."

But the trial court did not say that consecutive terms were mandated by statute.  The court simply recognized that its discretion is not unbridled.  The court noted

---

[2] Cervantes claims that *Blackwell* is not citable because the United States Supreme Court granted certiorari and vacated the judgment.  (*Blackwell v. California* (2013) __ U.S. __ [133 S.Ct. 837; 184 L.Ed.2d 646].)  But the case was remanded to the Court of Appeal for further consideration in light of *Miller v. Alabama* (2012) 567 U.S. __ [132 S.Ct. 2455; 183 L.Ed.2d 407], a case involving a mandatory life sentence without the possibility of parole for juvenile offenders.  Unlike cases in which the California Supreme Court has granted review, there is no prohibition against citing a case in which the United States Supreme Court has granted certiorari and vacated the judgment.  (See Cal. Rules of Court, rule 8.1105(e)(1).)

that the offenses involve separate victims on separate occasions, and stated that concurrent terms could not be justified "given the situation." Separate victims and separate occasions are factors the court must consider in exercising its discretion. (See Cal. Rules of Court, rule 4.425(a).) Clearly, the court understood consecutive sentences are discretionary.

III.

Cervantes contends three consecutive 15 year-to-life sentences constitute cruel and unusual punishment. Cervantes does not contest the consecutive four-year term imposed on count 2. Cervantes was not a minor when he committed that offense.

Cervantes argues the sentences amount to life without the possibility of parole. He claims he will not be eligible for parole until he is 74 years old. He admits the life expectancy of a Hispanic male is 78.9 years. But asserts that life in prison considerably shortens one's life.

The People point out, however, that Cervantes was 24 years old when sentenced. They also point out that he was given credit for over four years presentence custody. That makes him eligible for parole at age 65. Moreover, "life expectancy" in context of a cruel and unusual punishment analysis means the normal life expectancy of a healthy person of defendant's age and gender living in the United States. (*People v. Caballero* (2012) 55 Cal.4th 262, 267, fn. 3.) The sentence here is not the functional equivalent of life without the possibility of parole.

Cervantes argues that his sentence is greatly disproportionate to both the offense and the offender. The Eighth Amendment's cruel and unusual punishment prohibition contains a narrow proportionality principal that applies to noncapital sentences. (*People v. Meeks* (2004) 123 Cal.App.4th 695, 707.) The principal prohibits sentences that are grossly disproportionate to the severity of the crime (*Ibid.*) A proportionality analysis requires consideration of three criteria: "'(i) the gravity of the offense and the harshness of the penalty; (ii) the sentence imposed on other criminals in the same jurisdiction; (iii) the sentences imposed for the same crime in other jurisdictions.' [Citation.]" (*Ibid.*) It is only in the rare case where a comparison of the

6

crime and the sentence imposed leads to an inference of gross disproportionality that the second and third criteria come into play. (*Ibid.*)

This is not that rare case. Forty-five years to life is a harsh punishment. But child molestation is one of the most heinous noncapital offenses. Here the sentence arises from multiple molestations against three victims. The sentence is not disproportionate to the offense.

Nor is the sentence disproportionate to the offender. Cervantes's offenses extended over a multiple of years, into his adulthood. His crimes involved more than a single period of aberrant behavior mitigated by a youthful lack of judgment. Instead, they show a serious flaw in Cervantes's character.

Cervantes argues his sentence is unreasonable in light of *Graham v. Florida* (2010) 560 U.S. 48 and *People v. Caballero*, *supra*, 55 Cal.4th 262.

In *Graham*, a 16-year-old was convicted of armed burglary and attempted armed robbery. He was granted probation. But when he committed other crimes, the court revoked his probation and sentenced him to life in prison for the burglary. Because Florida had abolished its parole system, Graham had no possibility of parole. The Supreme Court held that for a juvenile offender convicted of a nonhomicide offense the Eighth Amendment requires the state to afford the offender a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (*Graham v. Florida*, *supra*, 560 U.S. at p. 75.)

In *Caballero*, the trial court sentenced a 16-year-old defendant to three consecutive 15-year-to-life terms for nonhomicide offenses. With firearm enhancements the total sentence was 110 years to life. The People argued that *Graham* does not apply because each of the sentences taken separately included the possibility of parole within the defendant's lifetime. Our Supreme Court rejected that argument. The court held that a 110-year minimum term violates *Graham's* requirement that the state must provide a juvenile offender some realistic opportunity to obtain release. (*People v. Caballero*, *supra*, 55 Cal.4th at p. 268.)

Here Cervantes was not sentenced to life without the possibility of parole, as in *Graham*. Nor does the 45-year aggregate minimum term Cervantes must serve exceed his expected life span, as in *Caballero*. Cervantes sentence does not constitute cruel and unusual punishment.

IV.

The People identify two errors in the abstract of judgment. First, count 1 is erroneously described as assault with intent to commit a felony. It should be forcible rape. Second, the abstract erroneously lists count 2, assault with intent a felony, as count 1. When we encounter mistakes in the abstract of judgment we should order the trial court to correct the abstract. (*People v. Mitchell* (2001) 26 Cal.4th 181, 188.)

The trial court is directed to correct the abstract of judgment and to send a corrected copy to the Department of Corrections and Rehabilitation Services. The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

8

Charles W. Campbell, Jr., Judge

Superior Court County of Ventura

_____

Julie Sullwold, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.