[No. D018493. Fourth Dist., Div. One. Oct. 7, 1993.]

JOSE D., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Loren Mandel, Alternate Public Defender, and Michael J. Dealy, Deputy Alternate Public Defender, for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle and Paul M. Morley, Deputy District Attorneys, for Real Party in Interest.

## OPINION

NARES, J.—Petitioner was found guilty by jury in superior court of second degree murder with personal use of a deadly weapon and two counts of assault with a deadly weapon and great bodily injury. During his probation interview petitioner asserted he was a juvenile at the time of the offense. The court found that petitioner was a minor and ruled he had waived his right to be tried and sentenced in juvenile court by not disclosing his minority. Petitioner asked this court to transfer the case to juvenile court for a determination of his fitness for treatment as a juvenile. We stayed sentencing. After receiving a response from the People, we issued the peremptory writ directing transfer of the case to juvenile court to determine whether petitioner should be tried and sentenced as an adult or as a juvenile and making the opinion final five days after filing. When an error was brought to our attention, we had lost jurisdiction. The Supreme Court granted review on its own motion and transferred the matter back to this court for further proceedings. We again issue the peremptory writ directing transfer of the

case to juvenile court to determine whether petitioner should be sentenced as an adult or a juvenile.

## DISCUSSION

■ The People agree the court, after satisfying itself that petitioner was a minor, should have suspended proceedings and referred the case to juvenile court. (Welf. & Inst. Code,[1] § 604, subd. (a).) In this particular case, since the minor meets the criteria of section 707, the juvenile court will need to determine whether the minor is unfit to be tried as a juvenile. If the court so finds, the case should return to superior court for sentencing (§ 707.1, subd. (a)). However, if the juvenile court determines the minor is amenable to the care and treatment of juvenile court, the question arises whether the trial already completed in superior court must be repeated. In other words, may an adult who was a minor at the time of the offense and who is found fit to be tried as a juvenile, waive the benefits of the juvenile law as to trial but not as to sentencing. We conclude he may.

The question of an adult's ability to waive jurisdiction of the juvenile court has generated few cases. In *Rucker* v. *Superior Court* (1977) 75 Cal.App.3d 197 [141 Cal.Rptr. 900] the minor allegedly committed the offense shortly before her 18th birthday. By the time of arraignment she had turned 18 and demanded prosecution as an adult because she was emancipated, self-supporting and a mother. The juvenile court denied the request stating the minor could not ask to be declared unfit to be tried as a minor and finding the minor was fit to be so tried. The appellate court reversed concluding that if an adult knowingly and intelligently waived the right to be tried as a juvenile then the juvenile court had to certify the case to superior court.

This conclusion was questioned first in *In re Rodney F.* (1988) 203 Cal.App.3d 177 [249 Cal.Rptr. 424] and later in *Joey W.* v. *Superior Court* (1992) 7 Cal.App.4th 1167 [9 Cal.Rptr.2d 486]. This court in *Joey W.* declared the juvenile court had the discretion to deny an adult's motion that he be tried as an adult. If the juvenile court had to grant such a motion it would lose its discretionary power which would be contrary to the Legislature's intent underlying the juvenile law statutes. (*Id.* at pp. 1172-1174.)

However, in these cases the defendant, having attained his majority, initiated a request for transfer from juvenile to superior court before trial proceedings had begun. In the present case petitioner did not reveal his

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

minority until trial was completed and he faced sentencing. Does this make a difference? *In re Harris* (1993) 5 Cal.4th 813 [21 Cal.Rptr.2d 373, 855 P.2d 391] explains that whether a person is tried in juvenile or adult court is not a question of subject matter jurisdiction and thus may be waived if there is not a timely objection. (*In re Harris, supra*, 5 Cal.4th at pp. 837-838.) Thus, this case is similar to ones such as *People* v. *Nguyen* (1990) 222 Cal.App.3d 1612, 1620 [272 Cal.Rptr. 523] and *In re Gutierrez* (1934) 1 Cal.App.2d 281, 286-287 [36 P.2d 712], where the minor first attempted to raise the question of his minority on appeal. Here petitioner did not raise the question of age until trial had been completed. By failing to object in a timely fashion he waived trial in juvenile court.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue remanding the case to the juvenile court for a determination whether sentencing should be in juvenile or adult court.

Kremer, P. J., and Work, J., concurred.