[No. B117079. Second Dist., Div. Five. Jan. 27, 1999.]

In re JERMAINE B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JERMAINE B., Defendant and Appellant.

## COUNSEL

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Sunnie S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GRIGNON, J.**—Appellant, a minor, was prosecuted as an adult after giving a false name and date of birth. Appellant entered into a negotiated disposition pursuant to which he pleaded no contest to a lesser offense in return for a probationary sentence. Subsequent to his conviction, the prosecution determined appellant was in fact a minor and the matter was certified to the juvenile court. The juvenile court concluded appellant had waived his right to a juvenile adjudication, treated appellant's no contest plea as an admission of the allegations of the petition, found appellant in violation of the originally charged offense, and committed appellant to the California Youth Authority (CYA). We conclude appellant was entitled to withdraw his plea of no contest and did not waive his right to an adjudication in juvenile court. We reverse.

### FACTS AND PROCEDURAL BACKGROUND

Appellant Jermaine B. was born on January 1, 1981. On July 14, 1997, appellant was 16 years old. He was arrested for possession for sale of cocaine base on that date. Appellant gave the police a false name, Jason Ford, and a false date of birth, July 12, 1979. Believing appellant to be an adult, the prosecution charged him by felony complaint with possession for sale of cocaine base in violation of Health and Safety Code section 11351.5.

On July 30, 1997, appellant, who was still 16 years old, entered a certified plea of no contest in municipal court to possession for sale of cocaine in violation of Health and Safety Code section 11351, a lesser offense. In exchange for the no contest plea, it was agreed appellant would be placed on three years' formal probation on certain conditions, including one hundred

eighty days in the county jail. Appellant was advised that his maximum state prison sentence would be four years. Appellant was not advised pursuant to Penal Code section 1192.5 that the trial court could withdraw approval of the plea agreement, which would give appellant the right to withdraw his plea of no contest. On August 13, 1997, appellant was sentenced in superior court pursuant to the plea agreement. He was awarded 45 days of presentence credit.

On August 28, 1997, the prosecution discovered appellant's true name and date of birth. Criminal proceedings in adult court were suspended, appellant was remanded to juvenile hall, and the matter was certified to the juvenile court. On August 29, 1997, a wardship petition was filed in juvenile court alleging appellant had possessed for sale cocaine base in violation of Health and Safety Code section 11351.5. Appellant was arraigned on the petition and denied the allegations of the petition. The matter was set for adjudication.

On September 23, 1997, appellant appeared in juvenile court for adjudication. The prosecution argued appellant was not entitled to a hearing, because he had lied concerning his age and had entered a plea of no contest in adult court. Appellant's counsel objected and pointed out to the juvenile court that appellant had pleaded no contest in order to take advantage of a favorable disposition. Appellant's counsel also pointed out that appellant was not attempting to renege on the plea agreement, but rather the prosecution had instigated the certification to juvenile court. The juvenile court concluded appellant had waived his right to an adjudication in juvenile court by giving a false age and pleading no contest in the municipal court.

Appellant's counsel stated: "Right. And so for the record, the minor is asking for his right to have an adjudication today. If the People are going to raise this issue, they should have raised it at the time of the arraignment before the adjudication was set. So I'm arguing that it's not timely. [¶] I'm also objecting to the court's proposed ruling in favor of the People in that I find there is a distinction in *Jose D.* [v.] *Superior Court* [(1993) 19 Cal.App.4th 1098 [23 Cal.Rptr.2d 664]] based on the fact that in that case, the minor, who claimed to be an adult, actually got the benefit of a jury trial. And in this case, the minor entered a no contest plea for the benefit of a plea bargain."

Based solely on appellant's no contest plea in adult court to a violation of Health and Safety Code section 11351, the juvenile court found appellant in

violation of Health and Safety Code section 11351.5. At the disposition on October 9, 1997, the juvenile court committed appellant to the CYA for a maximum period of confinement not to exceed five years for the instant offense. The maximum period was increased nine months, due to two previous adjudications for violations of Penal Code sections 496, subdivision (a) and 415.

Appellant appealed from the orders declaring him a delinquent ward of the court (Welf. & Inst. Code, § 602) and committing him to the CYA.

## DISCUSSION

*Withdrawal of Negotiated Plea*

▉ Appellant contends he was entitled to withdraw his no contest plea. We agree.

"Plea bargaining is an accepted practice in our criminal justice system." (*People* v. *Cruz* (1988) 44 Cal.3d 1247, 1249 [246 Cal.Rptr. 1, 752 P.2d 439].) ▉ Upon the acceptance of a plea specifying the punishment available to the sentencing court, the court may not impose a punishment more severe than that specified in the plea bargain. (*Id.* at p. 1250.) "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant . . . cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea." (Pen. Code, § 1192.5.) "When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon." (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861].) It is well settled that a disposition harsher than that agreed to by the court or the prosecution may not be imposed on a defendant. (*Santobello* v. *New York* (1971) 404 U.S. 257, 262 [92 S.Ct. 495, 498-499, 30 L.Ed.2d 427].)

▉ The usual remedy for violation of a plea agreement, where the plea bargain cannot be specifically enforced, is to allow the defendant to withdraw the plea and go to trial on the original charges. (*People* v. *Walker, supra,* 54 Cal.3d at pp. 1026-1027.) A defendant who makes material

misrepresentations in negotiating a plea bargain is not entitled to specific performance of the agreement. (*People* v. *Johnson* (1974) 10 Cal.3d 868, 873 [112 Cal.Rptr. 556, 519 P.2d 604].) The defendant is, however, entitled to withdraw the plea of guilty or no contest, if the trial court discovers the misrepresentations and withdraws its prior approval of the bargain. (*Id.* at pp. 872-873.) Pursuant to Penal Code section 1192.5, a defendant must be informed by the trial court prior to the negotiated plea of guilty or no contest that the trial court's approval of the plea bargain is not binding and may be withdrawn. The defendant must also be advised that if approval of the bargain is withdrawn, the defendant has the right to withdraw the plea of guilty or no contest. (*Ibid.*) If a defendant, who has been admonished concerning the right to withdraw the plea, does not object to punishment in excess of the bargain, the defendant relinquishes the right to withdraw the plea. (*People* v. *Walker, supra,* 54 Cal.3d at pp. 1024-1025.) If a defendant has not been properly admonished, a failure to object to increased punishment does not waive the defendant's right to the benefit of the bargain. (*Ibid.*)

Penal Code section 1192.5 is not expressly applicable to negotiated dispositions in juvenile court and there is no comparable provision in the Welfare and Institutions Code. However, the principles underlying Penal Code section 1192.5 are applicable to plea bargain situations similar to guilty pleas, even if Penal Code section 1192.5 is not per se applicable. (*People* v. *Calloway* (1981) 29 Cal.3d 666, 672 [175 Cal.Rptr. 596, 631 P.2d 30] [admission of probation violation].)

In this case, appellant failed to reveal his true name and minority and entered into a negotiated plea of no contest in adult court. Appellant conditionally waived his right to a contested disposition of his guilt or innocence. This waiver was expressly conditioned on an agreement that he would be sentenced as an adult, placed on probation, and serve no more than 180 days in the county jail. Appellant did not renege on his plea bargain. He was satisfied to go forward with the disposition to which he had agreed. The prosecution discovered appellant's misrepresentations and sought to set aside its agreement. The prosecution, however, sought to bind appellant to his side of the agreement, while at the same time releasing the prosecution from its side. Indeed, the prosecution sought and obtained a finding of a violation of a more serious offense than that to which appellant had pled.

In light of appellant's material misrepresentations concerning his identity and age, he is not entitled to specific performance of the plea bargain, and he does not so contend. He contends he should be allowed to

withdraw the plea, because the court has withdrawn approval of the plea bargain and he has received a disposition far harsher than and different from that specified in the bargain. He pleaded no contest on the condition of a probationary sentence with 180 days of jail time and instead was committed to the CYA for up to 5 years. Appellant's contention is persuasive. Appellant cannot be bound to his plea unless the disposition is consonant with the terms of the plea bargain. Here, it most certainly was not. Because the terms and conditions of the plea agreement were not complied with by the prosecution and the court, appellant is entitled to withdraw his plea of no contest.

There is no merit to the contention that appellant waived his right to withdraw his plea by failing to so request at the time of the disposition. First, appellant was not advised of his right to withdraw his plea at the time he entered the negotiated plea of no contest and thus did not relinquish his right to withdraw by failing to object at the time of the excess disposition. Second, appellant's counsel objected to the procedures in juvenile court sufficiently to preserve appellant's right to raise this issue on appeal. At all times, appellant's counsel informed the juvenile court that appellant wished to have an adjudicatory hearing. At all times, appellant's counsel objected to effectuation of his negotiated no contest plea in adult court as an admission in juvenile court. These objections were sufficient to preserve the issue for appeal. It was not necessary that appellant expressly move to withdraw his certified plea of no contest made in adult court. His request for a contested juvenile adjudicatory hearing was sufficiently clear. ·

*Waiver of Right to Adjudication Hearing*

Appellant contends he was denied his right to an adjudicatory hearing in juvenile court.. The prosecution responds that appellant waived his right to a hearing in juvenile court by claiming to be an adult and pleading no contest. Appellant is unquestionably correct.

It is true that an individual, who (1) claims to have been an adult at the time of an offense but was really a minor, (2) is tried by a jury in adult court, and (3) is found guilty by that jury, is not entitled to a new adjudicatory hearing in juvenile court because the individual has already received the due process right to a fair trial with the benefit of an additional procedural option—jury trial—which is not available in juvenile court. (*In re Harris* (1993) 5 Cal.4th 813, 835 [21 Cal.Rptr.2d 373, 855 P.2d 391].) "[W]hether a person is tried in juvenile or adult court is not a question of subject matter jurisdiction and thus may be waived if there is not a timely objection." (*Jose*

*D.* v. *Superior Court* (1993) 19 Cal.App.4th 1098, 1101 [23 Cal.Rptr.2d 664]; see also *In re Harris, supra,* 5 Cal.4th at pp. 837-838.) An individual who was a minor at the time of the offense may waive the benefits of the juvenile law as to trial, but not as to sentencing. (*Jose D.* v. *Superior Court, supra,* 19 Cal.App.4th at p. 1100.) A person so convicted in adult court is nevertheless entitled to a juvenile court disposition. (*Ibid.*) The person has not waived his or her right to be treated as a minor by falsely claiming to be an adult at the time of the offense; the person simply does not have the right to be tried twice. "By failing to object [to trial in adult court] in a timely fashion [the person] waive[s] trial in juvenile court." (*Id.* at p. 1101.)

In this case, appellant did not exchange his right to a juvenile adjudicatory hearing for an adult jury trial. Appellant completely gave up his right to any kind of hearing in exchange for certain benefits. This case does not involve a waiver of the site or nature of a contested hearing. This case involves a negotiated plea to the violation of an offense. There is absolutely no authority for the proposition that a minor who enters into a negotiated plea in adult court may be deemed to have admitted the offense in juvenile court and be subject to increased penalties. By misrepresenting his age, appellant waived his right to specifically enforce the plea bargain. He did not waive his right to withdraw his plea and begin anew if he could not be sentenced in accordance with the terms and conditions of his agreement. Accordingly, appellant's certified plea of no contest cannot be specifically enforced by the prosecution in juvenile court.[1]

## DISPOSITION

The order of wardship is reversed. The matter is remanded to the juvenile court for further proceedings consistent with this opinion.

Godoy Perez, J., concurred.

**TURNER, P. J.,** Dissenting.—

## I.  INTRODUCTION

In this case, for the first time on appeal, the minor argues indirectly that he is entitled to withdraw his plea made in municipal court to a charge of

---

[1]We note that, in all events, appellant never entered a plea to a violation of Health and Safety Code section 11351.5, the crime for which he was adjudicated a ward of the juvenile court.

cocaine possession.[1] The California Supreme Court, which has repeatedly enforced strict waiver rules concerning raising constitutional issues for the first time in appellate courts, has never held that a minor has a right based on noncompliance with Penal Code section 1192.5 to set aside an admission or plea. I would not construe Penal Code section 1192.5 to permit the minor to move to set aside an admission or plea when no such request was made in the trial court. Additionally, the minor has failed to make the requisite showing of prejudice because he was not advised that he could be placed in the youth authority as a result of his plea in municipal court. (*In re Ronald E.* (1977) 19 Cal.3d 315, 325-326 [137 Cal.Rptr. 781, 562 P.2d 684]; *In re Jimmy M.* (1979) 93 Cal.App.3d 369, 372-374 [155 Cal.Rptr. 534].)

## II.  PROCEDURAL MATTERS

The minor admitted as true the allegations of a petition filed April 6, 1993, charging him with fighting in public. (Pen. Code, § 415.) On June 9, 1993, he was declared a ward of the court and placed on probation with numerous conditions. On April 16, 1996, the minor admitted the allegations in another petition filed February 13, 1996, charging him with receiving stolen property were true. (Pen. Code, § 496, subd. (a).) The minor was placed in a camp program for a period not to exceed three years and thirty days.[2]

On July 16, 1997, a felony complaint was filed against the minor under the alias of Jason N. Ford for possession of cocaine base for sale. (Health & Saf. Code, § 11351.5.) The minor, who had claimed he was an 18-year-old, appeared with counsel and pled no contest to a charge of cocaine possession (Health & Saf. Code, § 11351) in municipal court. On August 13, 1997, at

---

[1]The minor never directly argued in the opening brief that he was entitled to withdraw his guilty plea. Rather, the heading for the minor's argument is phrased in the opening brief as follows, "The juvenile court erred in denying Jermaine his constitutional right to an adjudication hearing." The argument posited in the opening brief commenced as follows: "Due process of law is the primary and indispensable foundation of individual freedom. (*In re Gault* (1967) 387 U.S. 1, 20. . . .) It is the basic and essential term in the social compact which defines the rights of the individual and delimits the powers which the state may exercise. (*Ibid.*) Neither the Fourteenth Amendment nor of the Bill of Rights is for adults alone. (*Id.* at p. 13.) The minor has a right to an adjudication hearing on the petition, including the right to notice, right to an attorney, right to confront and cross-examine witnesses, and right to assert the privilege against self-incrimination. (*Id.* at pp. 29-30)" The remainder of the portion of the opening brief which discussed the right to an adjudication hearing analyzed the effect of the decisions of *Jose D.* v. *Superior Court* (1993) 19 Cal.App.4th 1098, 1100-1101 [23 Cal.Rptr.2d 664] and *In re Harris* (1993) 5 Cal.4th 813, 837 [21 Cal.Rptr.2d 373, 855 P.2d 391]. Neither of these decisions directly involves the question of whether to permit an accused to withdraw a guilty plea.

[2]The record reflects that the minor was subsequently furloughed from camp but did not report for supervision.

the probation and sentence hearing in superior court, the imposition of sentence was suspended. The minor, who was erroneously believed to be an adult, was placed on three years' formal probation and ordered to serve one hundred eighty days in county jail. On August 27, 1997, it was discovered that the minor had erroneously been sentenced as an adult under the name Jason Ford. Proceedings in the superior court were suspended. He was ordered released from the county jail and housed in the juvenile hall.

On August 29, 1997, a wardship petition was filed pursuant to section Welfare and Institutions Code section 602 charging the minor with possession for sale of cocaine base. (Health & Saf. Code, § 11351.5.) There was no material difference between the allegations in the felony complaint and those in the wardship petition. When the case was called in juvenile court on September 23, 1997, the minor's counsel stated: "It's set for adjudication today and the minor just got here. The people are not ready. It's my understanding that Mr. Kubik called off the witnesses because he believes that the minor is not entitled to a trial. The minor is on juvenile probation." After a discussion concerning the decision of *Jose D.* v. *Superior Court, supra,* 19 Cal.App.4th at page 1100,[3] the minor's counsel said of the proceedings in the municipal and superior courts, "The problem is that is not what happened. He was quite happy with what happened in adult court." At no time in the juvenile court did the minor move to set aside his no contest plea. Further, the minor never filed any request in the municipal or superior court to withdraw his no contest plea. On September 23, 1997, the juvenile court, relying on *Jose D.* v. *Superior Court, supra,* 19 Cal.App.4th at pages 1100-1101 found that the minor had waived his right to be tried as a juvenile. The juvenile court set the matter for a disposition hearing. At the disposition hearing conducted on October 9, 1997, the juvenile court ordered the minor to remain a delinquent ward pursuant to Welfare and Institutions Code section 602 and committed him to the California Youth Authority for five years nine months, with credit for four hundred fourteen days in custody. The period of physical confinement consisted of: five years for possession of cocaine base for sale (Health & Saf. Code, § 11351.5); eight

---

[3]The decision of *Jose D.* v. *Superior Court, supra,* 19 Cal.App.4th at page 1100 is one of several opinions discussing scenarios such as are present in this case where a minor misrepresents her or his age. In the decision of *In re Harris, supra,* 5 Cal.4th at pages 837-838, the California Supreme Court determined that whether a person is tried in juvenile or adult court is not a question of subject matter jurisdiction. Therefore, individuals may waive the right to be tried as a juvenile if they do not pose a timely objection. (*Ibid.*) Likewise, in *Jose D.* v. *Superior Court, supra,* 19 Cal.App.4th at pages 1100-1101, the Court of Appeal found the minor's failure to reveal his minority until his superior court trial was completed and he faced sentencing amounted to a waiver of his right to an adjudication hearing. In *Jose D.,* our colleagues in the Fourth Appellate District concluded that a child who is found to be fit to be tried as a minor may waive the benefits of juvenile law as to trial but not as to sentencing. (*Id.* at p. 1100.)

months for the receiving stolen property offense of February 13, 1996 (Pen. Code, § 496, subd. (a)); and one month for the fighting in public offense. (Pen. Code, § 415.)

## III.   DISCUSSION

Like adults in the context of a guilty or no contest plea, minors have a right prior to the entry of an admission to be apprised of the direct consequences of giving up the right to an adjudication hearing and admitting in whole or in part allegations in a wardship petition. (*In re Michael B.* (1980) 28 Cal.3d 548, 553 [169 Cal.Rptr. 723, 620 P.2d 173]; *In re Ronald E.*, *supra*, 19 Cal.3d at p. 321.) Nonetheless, the California Supreme Court has consistently applied waiver or forfeiture rules in the context of fundamental constitutional rights. (*People* v. *Williams* (1997) 16 Cal.4th 153, 250 [66 Cal.Rptr.2d 123, 940 P.2d 710] [objection that admission of gang paraphernalia violated defendant's associational rights under the First and Fourteenth Amendments waived when not presented in trial court]; *People* v. *Padilla* (1995) 11 Cal.4th 891, 971 [47 Cal.Rptr.2d 426, 906 P.2d 388], disapproved on another point in *People* v. *Hill* (1998) 17 Cal.4th 800, 823, fn. 1 [72 Cal.Rptr.2d 656, 952 P.2d 673] [failure to request a particular instruction where there is no sua sponte duty to instruct waived due process contention]; *People* v. *Rodrigues* (1994) 8 Cal.4th 1060, 1116, fn. 20 [36 Cal.Rptr.2d 235, 885 P.2d 1] [the defendant's federal constitutional due process, fair trial, reliable guilt determination claims concerning the admissibility of a videotape waived in a capital case when they were not interposed in the trial court]; *People* v. *Garceau* (1993) 6 Cal.4th 140, 173 [24 Cal.Rptr.2d 664, 862 P.2d 664] [Sixth and Fourteenth Amendment claims to a fair trial and equal protection in connection with jury selection waived when not presented in trial court]; *People* v. *McPeters* (1992) 2 Cal.4th 1148, 1174 [9 Cal.Rptr.2d 834, 832 P.2d 146] [Sixth Amendment discriminatory juror selection issue waived when not presented in trial court]; *People* v. *Ashmus* (1991) 54 Cal.3d 932, 972-973, fn. 10 [2 Cal.Rptr.2d 112, 820 P.2d 214] [Fifth, Eighth, and Fourteenth Amendment self-incrimination, cruel and unusual punishment, and due process claims respectively waived by failure to interpose them in trial court].) The reason for these rules has been articulated by the California Supreme Court as follows: " 'An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method . . . . The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver . . . . Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on

appeal when it could easily have been corrected at the trial.' " (*Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261], original italics.) The California Supreme Court has held: " 'The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had. . . .' " (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861].) Further the California Supreme Court has held: " ' "No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." [Citation.]' (*United States* v. *Olano* (1993) [507 U.S. 725, 731 [123 L.Ed.2d 508, 517, 113 S.Ct. 1770]].)" (*People* v. *Saunders* (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093].)

The California Supreme Court has not only required specific objections in connection with the assertion of constitutional rights, but assignments of error must be made promptly. There are well established and consistently applied California Supreme Court holdings requiring prompt and timely objections in connection with a whole host of constitutional and statutory issues. (E.g., *People* v. *Frye* (1998) 18 Cal.4th 894, 969 [77 Cal.Rptr.2d 25, 959 P.2d 183] [prosecutorial misconduct]; *People* v. *Dennis* (1998) 17 Cal.4th 468, 521 [71 Cal.Rptr.2d 680, 950 P.2d 1035] [prosecutorial misconduct]; *People* v. *Alvarez* (1996) 14 Cal.4th 155, 186 [58 Cal.Rptr.2d 385, 926 P.2d 365] [Sixth Amendment confrontation claim]; *People* v. *Jackson* (1996) 13 Cal.4th 1164, 1235 [56 Cal.Rptr.2d 49, 920 P.2d 1254] [admissibility of gun possession under Pen. Code, § 190.3, factor (b)]; *People* v. *Turner* (1994) 8 Cal.4th 137, 176-177 [32 Cal.Rptr.2d 762, 878 P.2d 521] [Fourth Amendment claim]; *People* v. *McClellan* (1993) 6 Cal.4th 367, 376-377 [24 Cal.Rptr.2d 739, 862 P.2d 739] [misadvisement by the judge as to the consequences of a guilty plea]; *People* v. *Clark* (1993) 5 Cal.4th 950, 994 [22 Cal.Rptr.2d 689, 857 P.2d 1099] [conflicted representation in violation of the Sixth Amendment]; *People* v. *Saunders, supra,* 5 Cal.4th at p. 589 [statutory violations of Pen. Code, §§ 1025 and 1164 by prematurely discharging the jury]; *People* v. *Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802] [improper probation conditions]; *People* v. *Visciotti* (1992) 2 Cal.4th 1, 47-48 [5 Cal.Rptr.2d 495, 825 P.2d 388] [improper voir dire questions]; *People* v. *Gallego* (1990) 52 Cal.3d 115, 179 [276 Cal.Rptr. 679, 802 P.2d 169] [delay in objecting to destruction of evidence]; *People* v. *Wright* (1990) 52 Cal.3d 367, 411 [276 Cal.Rptr. 731, 802 P.2d 221] [judicial misconduct]; *People* v. *Carrera* (1989) 49 Cal.3d 291, 317 [261 Cal.Rptr. 348, 777 P.2d 121] [improper questioning of witnesses].) Delay in raising constitutional and statutory issues can constitute waiver, forfeiture, and procedural default of a defendant's constitutional and statutory claims.

There are exceptions though to these consistently applied rules requiring prompt and specific articulation of constitutional and statutory claims in a trial court in order for them to be raised in an appellate court. Appellate courts in certain circumstances can consider issues not posited in a trial court. (*People* v. *Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6 [69 Cal.Rptr.2d 917, 948 P.2d 429] [appellate court is not jurisdictionally barred from considering an issue not presented to the trial judge]; *People* v. *Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 [66 Cal.Rptr.2d 423, 941 P.2d 56] [Attorney General may raise issue of legally unauthorized sentencing leniency for the first time on appeal]; *People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040] [legally unauthorized sentences].) One additional exception to the general requirement that issues be preserved by their prompt and specific articulation in a trial court involves guilty pleas by adults where there has been noncompliance with the Penal Code section 1192.5 requirement that the defendant may not receive a greater sentence than promised. Penal Code section 1192.5 provides in relevant part, "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea."[4] The California Supreme Court has twice held that when an adult accused is not properly advised that if a greater sentence is imposed than promised, the defendant may seek for the first time on

---

[4]In its entirety, Penal Code section 1192.5 states: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony, other than a violation of paragraph (2), (3), or (6) of subdivision (a) of Section 261, paragraph (1) or (4) of subdivision (a) of Section 262, Section 264.1, Section 286 by force, violence, duress, menace or threat of great bodily harm, subdivision (b) of Section 288, Section 288a by force, violence, duress, menace or threat of great bodily harm, or subdivision (a) of Section 289, the plea may specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty, and may specify the exercise by the court thereafter of other powers legally available to it. [¶] Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea. [¶] If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea. [¶] If the plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter the plea or pleas as would otherwise have been available. [¶] If the plea is withdrawn or deemed withdrawn, it may not be received in evidence in any criminal, civil, or special action or proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals."

appeal to withdraw the plea. (*People* v. *McClellan, supra,* 6 Cal.4th at p. 379, fn. 9; *People* v. *Walker, supra,* 54 Cal.3d at pp. 1024-1025.) However, in the adult context, if there has been an advisement of the foregoing provisions of Penal Code section 1192.5, then the failure to comply with a sentence bargain may not be raised as an issue on appeal if no objection is interposed in the trial court. (*People* v. *Walker, supra,* 54 Cal.3d at pp. 1024-1025.) Further, the California Supreme Court has limited the effect of Penal Code section 1192.5 in that if the trial judge must impose a statutorily mandated punishment, the failure to advise the accused of the right to withdraw the plea does not obviate the objection requirement before the issue of misadvice as to the consequences of an admission of guilt can be raised on appeal. For example, in *People* v. *McClellan, supra,* 6 Cal.4th at pages 379-380, the California Supreme Court held that the failure to comply with the foregoing language in Penal Code section 1192.5 did not obviate the objection requirement in the context of a nonnegotiated condition of the plea bargain, viz., the Penal Code section 290 sex offender registration requirement.

In my view, the limited exception to the objection requirement in adult plea bargain cases crafted in *People* v. *Walker, supra,* 54 Cal.3d at pages 1024-1025, should not apply to juveniles, particularly where they have engaged in the mendacity displayed by the minor in a case such as this. Penal Code section 1192.5 has no application to juveniles. It refers to defendants, not minors. The provisions of law pertinent to minors do not contain similar language as in Penal Code section 1192.5 pertaining to a violation of a sentencing agreement. Welfare and Institutions Code section 702.5 states: "In any hearing conducted pursuant to Section 701 or 702 to determine whether a minor is a person described in Section 601 or 602, the minor has a privilege against self-incrimination and has a right to confrontation by, and cross-examination of, witnesses." Those rights must be explained to a minor prior to the entry of an admission. California Rules of Court, rule 1487(b), (c), (d), (e) and (f) sets forth the procedure that applies in the event of an admission as follows: "(b) [Rights explained (§ 702.5)] After giving the advice required by rule 1412, the court shall advise those present of each of the following rights of the child: [¶] (1) The right to a hearing by the court on the issues raised by the petition; [¶] (2) The right to assert the privilege against self-incrimination; [¶] (3) The right to confront and to cross-examine any witness called to testify against the child; and [¶] (4) The right to use the process of the court to compel the attendance of witnesses on the child's behalf. [¶] (c) [Admission of allegations; prerequisites to acceptance] The court shall then inquire whether the child intends to admit or deny the allegations of the petition. If the child neither admits nor denies the allegations, the court shall state on the record that the child does not admit the allegations. If the child wishes to admit the allegations, the

court shall first find and state on the record that it is satisfied that the child understands the nature of the allegations and the direct consequences of the admission, and understands and waives the rights in subdivision (b). [¶] (d) [Consent of counsel—child must admit] Counsel for the child must consent to the admission, which shall be made by the child personally. [¶] (e) [No contest] The child may enter a plea of no contest to the allegations, subject to the approval of the court. [¶] (f) [Findings of the court (§ 702)] On an admission or plea of no contest, the court shall make the following findings noted in the minutes of the court: [¶] (1) Notice has been given as required by law; [¶] (2) The birthdate and county of residence of the child; [¶] (3) The child has knowingly and intelligently waived the right to a hearing on the issues by the court, the right to confront and cross-examine adverse witnesses and to use the process of the court to compel the attendance of witnesses on the child's behalf, and the right to assert the privilege against self-incrimination; [¶] (4) The child understands the nature of the conduct alleged in the petition and the possible consequences of an admission or plea of no contest; [¶] (5) The admission or plea of no contest is freely and voluntarily made; [¶] (6) There is a factual basis for the admission or plea of no contest; [¶] (7) Those allegations of the petition as admitted are true as alleged; [¶] (8) The child is described by section 601 or 602; and [¶] (9) In a section 602 matter, the degree of the offense and whether it would be a misdemeanor or felony had the offense been committed by an adult. . . ." (Boldface omitted.) None of the language in rule 1478 of the California Rules of Court, the provision of law applicable to minors, or any other portion of the juvenile court law, contains language similar to that in Penal Code section 1192.5. Hence, I would hold that Penal Code section 1192.5, the sole statutory basis for excusing the imposition of a timely objection to a disposition in excess of that promised at the time of the entry of a plea or admission, is inapplicable to a minor who is litigating a violation of a plea bargain on appeal.

Not only does Penal Code section 1192.5 not apply by its very terms to the minor, but logic and fairness dictate that the minor not be granted any further leniency in the face of his dishonesty and unending record of criminality. Moreover, the trial courts are where issues of fact and law are principally litigated (*In re Robbins* (1998) 18 Cal.4th 770, 777 [77 Cal.Rptr.2d 153, 959 P.2d 311]) and it is fair to require a minor under these circumstances to make a motion to withdraw the plea as a prerequisite to litigating its validity in an appellate court. More to the point, it is unfair to the trial court, the prosecutor, and the public to allow a belated challenge to the validity of the plea when the issue could have been presented in the trial court. (*People* v. *Saunders, supra,* 5 Cal.4th at pp. 590-591; *Doers* v. *Golden Gate Bridge etc. Dist., supra,* 23 Cal.3d at pp. 184-185, fn. 1.) Finally, in

terms of the policy considerations underlying this issue, the minor needs to be held accountable for his misconduct. To create an exception to the objection requirement under these facts would elevate a rigid rule of process over the important societal goal of holding minors accountable for their criminal conduct which brings them within the bounds of the juvenile court law. (*People* v. *Avila* (1995) 35 Cal.App.4th 642, 668, fn. 14 [43 Cal.Rptr.2d 853]; *People* v. *Wilder* (1995) 35 Cal.App.4th 489, 504, fn. 6 [41 Cal.Rptr.2d 463].) These policy reasons warrant not extending the Penal Code section 1192.5 exception to the objection requirement to the present case.

One final note is in order. My views in terms of the policy reasons which support the application of the objection requirement to the present case should not be construed as any suggestion my colleagues are not cognizant of the scope of the minor's deviousness. I believe they are as offended by the minor's dishonesty as I am. Rather, they believe that principles of stare decisis and the constitutional right of all persons to have the state comply with its obligations under a plea bargain outweigh the analysis I have set forth concerning the need for a motion to withdraw the plea in the trial court.

### *The Absence of a Showing of Prejudice*

In juvenile appeals, if there is a failure to advise a minor as to the potentiality of a youth authority commitment, the child has the burden of showing prejudice. Citing *In re Yurko* (1974) 10 Cal.3d 857, 864 [112 Cal.Rptr. 513, 519 P.2d 561], in the decision of *In re Ronald E., supra*, 19 Cal.3d at page 321, the California Supreme Court held: "We announced a judicially declared rule of criminal procedure requiring a court to admonish an accused as to the consequences of an admission which may subject him to severe sanctions. Unlike an uninformed waiver of the specified constitutional rights which renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused. [Citation.]" (Fn. omitted.) The Supreme Court then applied that analysis later in its opinion as follows: "We conclude, accordingly, that petitioner's admission of the truth of the allegations of the third supplemental petition was entered without compliance with such *Boykin-Tahl* requirement. [(*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].)] As we noted in *Yurko*, however, that requirement is not constitutionally compelled. Although it was thus error for the juvenile court to accept the admission, it will be set aside only if the error is deemed to be prejudicial to petitioner. We conclude for the reasons which follow that no prejudice

resulted in the circumstances of this case. [¶] The determinative question on the issue of prejudice is as follows: Is it reasonably probable that petitioner might not have been committed to the Youth Authority had the court advised him, prior to his admission of the truth of the allegations, that he might be so committed? (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 . . . .) We do not know, of course, whether petitioner would or would not have admitted the truth of the allegations if he had been advised of the consequences of his admission. We deem it significant, however, that petitioner provides us with no basis for a belief that had he been properly admonished he would have entered a different response to the allegations of the petition. Nor does he claim even now that he was not aware that his admission of the truth of the allegations of the third supplemental petition would most likely result in his detention in a Youth Authority facility. We thus do not believe it reasonably probable that such admonishment would have persuaded petitioner to deny the truth of the allegations. It thus appears that insofar as the record and petitioner's allegations establish, he was not prejudiced by the failure of the court to advise him of the consequences of his admission and he is entitled to no relief on *Boykin-Tahl* grounds." (*In re Ronald E., supra*, 19 Cal.3d at pp. 325-326, fn. omitted.) The Court of Appeal reached virtually the same result in the decision of *In re Jimmy M., supra*, 93 Cal.App.3d at pages 372-375. In the present case, there is no evidence as to whether the minor would have acted any differently had he been asked to admit or deny a juvenile court petition; hence, he is not entitled to seek for the first time on appeal an order setting aside his plea. (Cf. *People* v. *McClellan, supra*, 6 Cal.4th at p. 381.)

## IV. CONCLUSION

For the foregoing reasons, I would modify the orders under review to indicate the minor has been found to have possessed cocaine for purposes of sale in violation of Health and Safety Code section 11351 and reduce the maximum period of physical confinement accordingly.

Respondent's petition for review by the Supreme Court was denied April 21, 1999.