[No. B149442. Second Dist., Div. Six. Apr. 24, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
DONNA LEVEL, Defendant and Appellant.

**COUNSEL**

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, David C. Cook, David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PERREN, J.**—Donna Level appeals from an order denying her motion to strike a prior conviction. Convicted in 1987 as an adult, appellant was actually 17 years old at the time she committed the charged offense, a fact not disclosed in that earlier proceeding. She now contends that the prior conviction should be treated as a juvenile adjudication and, if so treated, that it does not qualify as a "strike."

We conclude that any right to a juvenile court disposition of an action following an adult conviction must be asserted while the trial court in that

action still has jurisdiction over the matter. Accordingly, we agree with the trial court in this case that appellant has waived any right to have her prior conviction treated as a juvenile adjudication. We also conclude that appellant is estopped from challenging the court's jurisdiction to convict and sentence her as an adult in the prior action. We affirm.

## PROCEDURAL HISTORY

Appellant was charged by information with one count of grand theft (Pen. Code,[1] § 487, subd. (a)), and two counts of forgery (§ 475, subd. (c)). A prior strike conviction for robbery (§ 211) was alleged. The record reflects that appellant was convicted of that crime as an adult pursuant to a guilty plea in 1987 and was sentenced to state prison. Appellant moved to strike the prior strike allegation, contending that the robbery conviction must be treated as a juvenile adjudication because she was only 17 years old at the time she committed the robbery and had never waived her right to a juvenile disposition of the prior action. Appellant's conviction would qualify as a strike if treated as an adult conviction, but would not qualify as a strike if treated as a juvenile adjudication because the record of conviction does not reflect that she committed the robbery while armed with a dangerous or deadly weapon. (§ 667, subd. (d)(3)(D); Welf. & Inst. Code, § 707, former subd. (b)(3); *People v. Garcia* (1999) 21 Cal.4th 1, 13 [87 Cal.Rptr.2d 114, 980 P.2d 829].)[2] The trial court denied the motion, finding that appellant had waived any right to a juvenile court disposition of the prior action by allowing the matter to be fully and finally adjudicated without ever raising the issue of her age.

Appellant subsequently pled guilty to the grand theft count in exchange for the dismissal of the other two counts, after which the court found the prior conviction allegation to be true. She was sentenced to a state prison term of six years, consisting of the high term of three years doubled for the prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). This appeal followed.

## DISCUSSION

### I.

■ A prior juvenile adjudication for an offense that would qualify as a serious or violent felony under the "Three Strikes" law if it were the subject

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

[2]The Welfare and Institutions Code has subsequently been amended to exclude the requirement that a juvenile robbery be committed while armed with a dangerous or deadly weapon in order to qualify as a strike. (Welf. & Inst. Code, § 707, subd. (b)(3).)

of an adult conviction (§§ 667, subd. (d)(1), (2), 1170.12, subd. (b)(1), (2)) does not qualify as a strike unless the juvenile was adjudged a ward of the court in the prior proceeding for committing an offense that is listed in Welfare and Institutions Code section 707, subdivision (b). (*People v. Garcia, supra*, 21 Cal.4th at p. 7, citing § 667, subd. (d)(3)(D).) Appellant was never adjudged a ward of the court with regard to the prior conviction at issue here, nor was any fitness hearing ever held, because she never revealed her true age in the course of the prior action. While she concedes that an individual can waive the right to have his or her action proceed in juvenile court (*In re Harris* (1993) 5 Cal.4th 813, 837-838 [21 Cal.Rptr.2d 373, 855 P.2d 391]), she nevertheless contends that the right to a juvenile court *disposition* of an action, as distinguished from the right to a juvenile court determination of guilt, is not subject to waiver. This contention is based on dicta in *In re Jermaine B.* (1999) 69 Cal.App.4th 634, 642 [81 Cal.Rptr.2d 734] (*Jermaine B.*), which cites *Jose D. v. Superior Court* (1993) 19 Cal.App.4th 1098, 1100-1101 [23 Cal.Rptr.2d 664] (*Jose D.*), for the proposition that "[a]n individual who was a minor at the time of the offense may waive the benefits of the juvenile law as to trial, but not as to sentencing. [Citation.] A person so convicted in adult court is nevertheless entitled to a juvenile court disposition. [Citation.] The person has not waived his or her right to be treated as a minor by falsely claiming to be an adult at the time of the offense; the person simply does not have the right to be tried twice."

Although this dicta might suggest otherwise, neither *Jose D.* nor *Jermaine B.* can be reasonably construed to adopt a blanket rule against waiver of the right to a juvenile court disposition. In *Jose D.*, the defendant revealed his minority after he had been convicted by a jury in adult court, *but prior to sentencing*. (*Jose D., supra*, 19 Cal.App.4th at p. 1099.) The prosecution conceded that under the circumstances the trial court was obligated to suspend the proceedings and certify the matter to the juvenile court pursuant to Welfare and Institutions Code section 604,[3] so the only issue to be decided was whether it would be necessary to retry the defendant in juvenile court if he was ultimately deemed fit for treatment as a juvenile. (*Jose D.*, at p. 1100.) The Court of Appeal concluded that no retrial would be necessary because the defendant had waived his right to be tried as a juvenile by failing

---

[3]Welfare and Institutions Code section 604, subdivision (a) provides in pertinent part that "[w]henever a case is before any court upon an accusatory pleading and it is suggested or appears to the judge before whom the person is brought that the person charged was, at the date the offense is alleged to have been committed, under the age of 18 years, the judge shall immediately suspend all proceedings against the person on the charge" and certify the case to the juvenile court if it appears to the court's satisfaction that the defendant was under the age of 18 when he or she committed the charged offense.

to disclose his age until after he had already received a trial in adult court, although by disclosing his age prior to sentencing he was still entitled to a fitness hearing and possible juvenile disposition. (*Id.* at pp. 1100-1101.)

In *Jermaine B.*, the defendant's minority was discovered by the prosecution two weeks after he had been sentenced to jail in accordance with a negotiated plea agreement. (*Jermaine B., supra,* 69 Cal.App.4th at pp. 637-638.) The prosecution then sought certification of the matter to juvenile court pursuant to Welfare and Institutions Code section 604, after which it contended that the defendant had waived any right to an adjudicatory hearing in that court by misrepresenting his age and pleading no contest in adult court. The juvenile court agreed, and committed the defendant to the Youth Authority for an indeterminate term of up to five years. (*Jermaine B.,* at pp. 638-639.) The Court of Appeal reversed, reasoning that the defendant had only "conditionally waived his right to a contested disposition of his guilt or innocence. This waiver was expressly conditioned on an agreement that he would be sentenced as an adult, placed on probation, and serve no more than 180 days in the county jail. . . . He was satisfied to go forward with the disposition to which he had agreed. The prosecution discovered appellant's misrepresentations and sought to set aside its agreement." (*Id.* at p. 640.) The Court of Appeal concluded that while the defendant had waived any right to specifically enforce his plea agreement by misrepresenting his age, "[h]e did not waive his right to withdraw his plea and begin anew if he could not be sentenced in accordance with the terms and conditions of his agreement." (*Id.* at pp. 641-642.) In other words, the court did not find that the defendant was incapable of waiving his right to a juvenile disposition, but only that his waiver had been conditioned on an agreement that was rendered unenforceable after the prosecution brought his minority to the court's attention.

When read in context, these cases simply recognize that the provisions of Welfare and Institutions Code section 604 are not subject to waiver. But that section is not implicated where, as here, there is never any suggestion or indication during the course of the proceedings that the defendant is subject to the jurisdiction of the juvenile court. (Welf. & Inst. Code, § 604, subd. (a).)

Thus, there is no basis for interpreting either *Jose D.* or *Jermaine B.* as departing from the well-established rule that the right to a juvenile court disposition can be waived. For example, in *People v. Navarro* (1963) 212 Cal.App.2d 299, 303 [27 Cal.Rptr. 716], cited with approval in *In re Harris, supra,* 5 Cal.4th at page 838, the Court of Appeal affirmed the adult conviction and sentence of a defendant who waited until his appeal to claim

that he was only 17 years old, reasoning that "[i]f in fact he was under 18 years of age, it was his duty or the duty of his attorney to call this fact to the attention of the court, and failure to do so is a waiver of *any rights* thus granted." (Italics added.) The same rationale was applied in *People v. Oxnam* (1915) 170 Cal. 211, 219-220 [149 P. 165], overruled on other grounds in *In re Ramon M.* (1978) 22 Cal.3d 419, 429, footnote 12 [149 Cal.Rptr. 387, 584 P.2d 524], to affirm an adult conviction and death sentence of a defendant who waited until his appeal to claim that he was only 17 years old when he committed the charged crime. (See *Harris, supra,* at p. 838.) This long-standing authority, considered in conjunction with Welfare and Institutions Code section 604, leads us to conclude that in order to avoid waiver, any right to a juvenile court disposition of an action following an adult conviction must be asserted *in that action,* and it must be asserted before the trial court loses jurisdiction over the matter.

We accordingly conclude that appellant has waived any right to a juvenile court disposition of the prior action at issue here. Had she disclosed her true age while the trial court in the prior action still had jurisdiction over the matter, the prosecution could have petitioned the court to find her unfit for juvenile adjudication (Welf. & Inst. Code, § 707) and, if appropriate, challenged her claim that she was only 17 when she committed the charged offense. (See *People v. Nguyen* (1990) 222 Cal.App.3d 1612, 1623 [272 Cal.Rptr. 523].) The prosecution also could have sought to set aside the plea bargain agreement on the ground that appellant had misrepresented her age. (*Jermaine B., supra,* 69 Cal.App.4th at p. 640.) By her silence, appellant deprived the prosecution of these opportunities.

We also conclude that appellant is estopped from asserting any rights she had as a juvenile in the prior action. "A defendant may not retain the favorable aspects of his negotiated disposition and at the same time jettison its unfavorable aspects. [Citation.]" (*People v. Velasquez* (1999) 69 Cal.App.4th 503, 506-507 [81 Cal.Rptr.2d 647].) Appellant agreed to be sentenced as an adult on the robbery count in exchange for the dismissal of two other counts, and she has long since completed her prison sentence. Having enjoyed the fruits of her negotiated disposition, she cannot now be heard to complain that the court exceeded its jurisdiction in convicting and sentencing her as an adult. "A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' " (*In re Griffin* (1967) 67 Cal.2d 343, 348 [62 Cal.Rptr. 1, 431 P.2d 625]; see also *People v. Borland* (1996) 50 Cal.App.4th 124, 127-128 [57 Cal.Rptr.2d 562] [defendant who received concessions in a negotiated disposition was estopped from challenging the factual basis of his plea on appeal].)

Appellant is precluded by waiver and estoppel from asserting her minority as a basis for challenging her prior robbery conviction. That conviction qualifies as a strike under section 667, subdivision (d)(1). The trial court did not err in denying appellant's motion to strike.

## II.

Even if appellant could collaterally attack her prior conviction on the ground asserted here, the motion to strike procedure she employed is only available to challenge the *constitutionality* of a prior conviction that is alleged for purposes of a sentence enhancement (*People v. Sumstine* (1984) 36 Cal.3d 909, 917-920 [206 Cal.Rptr. 707, 687 P.2d 904]; *People v. Coffey* (1967) 67 Cal.2d 204, 214-215 [60 Cal.Rptr. 457, 430 P.2d 15]), and even then its use by a noncapital defendant is limited (see *Garcia v. Superior Court* (1997) 14 Cal.4th 953, 963 [59 Cal.Rptr.2d 858, 928 P.2d 572] [recognizing that a noncapital defendant cannot collaterally attack a prior conviction through a motion to strike on grounds of constitutionally ineffective assistance of counsel]). Appellant does not allege that her prior conviction was obtained in violation of any constitutional right. While she correctly notes that a defendant can collaterally challenge a sentence imposed in "excess of jurisdiction" by bringing a petition for a writ of habeas corpus (*In re Harris, supra,* 5 Cal.4th at pp. 838-840), appellant does not seek habeas corpus relief here. Given the government's interest in the finality of judgments, particularly those involving guilty pleas (*People v. Allen* (1999) 21 Cal.4th 424, 432 [87 Cal.Rptr.2d 682, 981 P.2d 525], citing *Custis v. United States* (1994) 511 U.S. 485, 497 [114 S.Ct. 1732, 1739, 128 L.Ed.2d 517]), we conclude that the motion to strike was improper. (See *Allen, supra,* at p. 435 [recognizing that "it is not unconstitutional—with the exception of denial of counsel claims—to require a defendant to litigate the validity of [a] prior conviction in a separate proceeding, such as on habeas corpus. . . ." (citations omitted)].)

Appellant also misplaces her reliance on the "excess of jurisdiction" exception endorsed in *In re Harris, supra,* 5 Cal.4th 813. This very narrow exception to the rule against entertaining a habeas corpus claim that was or could have been raised on direct appeal was found to apply in that case because it was undisputed that the defendant was only 15 years old at the time of his crimes while the law in effect at the time provided that the juvenile court had exclusive jurisdiction over all minors under the age of 16. (*Id.* at pp. 837, 840-841; former Welf. & Inst. Code, § 707.) Appellant was 17 when she committed her prior offense, so the trial court in the prior action had jurisdiction to fully and finally decide the matter.

The judgment and sentence are affirmed.

Yegan, Acting P. J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 10, 2002. Brown, J., did not participate therein.