Filed 4/8/14  P. v. Gonzalez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E059037 |
| v. | (Super.Ct.No. FVI1201936) |
| GABRIEL ANTHONY GONZALEZ, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed as modified.

Patricia Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On May 16, 2013, pursuant to a negotiated plea agreement, defendant and appellant Gabriel Anthony Gonzalez pled guilty to (1) assault with a deadly weapon in violation of Penal Code[1] section 245, subdivision (a)(1), and (2) assault by means of force likely to cause great bodily injury in violation of section 245, subdivision (a)(4). Defendant also admitted a gang enhancement under section 186.22, subdivision (b)(1). Thereafter, the trial court sentenced defendant to 10 years in state prison and imposed various fines and fees.

On appeal, defendant contends that the victim restitution fine under section 1202.4 should be reduced pursuant to the terms of the negotiated plea agreement. The People agree with defendant.

# II

## STATEMENT OF FACTS[2]

Defendant and three other people attacked two victims with a car and knife. Police found pictures of defendant throwing gang signs. Defendant has a gang tattoo.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The parties stipulated that the police reports would represent the factual basis of defendant's guilty plea.

III

ANALYSIS

Defendant contends that a victim's restitution fine should be reduced because it exceeded the negotiated term that he and the prosecutor agreed to in the plea agreement. The People agree with defendant.

In this case, on the day set for the preliminary hearing, the parties provided the trial court with an executed change of plea form. Among other terms, the form stated that the parties had agreed for defendant to pay the minimum restitution fines. The trial court stated that it accepted and approved the plea agreement. The court then imposed the agreed-upon sentence and ordered a $1,000 restitution fine under section 1202.4.

At the time of the plea agreement, the minimum restitution fine was $280.00. (Former § 1202.4, subd. (b)(1).) Here, the parties clearly stated to the court that the plea agreement represented a contract between them. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." (*Santobello v. New York* (1971) 404 U.S. 257, 262; see also *People v. Walker* (1991) 54 Cal.3d 1013, 1024, overruled on another ground in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) "Where the plea is accepted by the [People] in open court and is approved by the court . . . the court may not proceed as to the plea other than as

specified in the plea." (§ 1192.5; see also *In re Jermaine B.* (1999) 69 Cal.App.4th 634, 639.)

Recently, the California Supreme Court provided that defendants are free to negotiate the amount of restitution fines as part of their plea bargains. (*People v. Villalobos*, *supra*, 54 Cal.4th at p. 181.) The parties to a criminal proceeding may choose to agree upon a specific amount between the statutory minimum and maximum, or they may leave it up to the sentencing court's discretion. (*Ibid.*) Constitutional due process requires that both parties, including the state, must abide by the terms of a plea agreement and the punishment may not significantly exceed that which the parties agreed upon. (*Id.* at p. 182.) A restitution fine qualifies as punishment for this purpose. (*Ibid.*)

In this case, according to the plea form, the agreed-upon restitution fine was the statutory minimum, $280.00. There is nothing in the record to suggest that there was a contrary agreement. "Once [the trial court] accepted [defendant's] plea, the terms of the contract became fixed." (*People v. Toscano* (2004) 124 Cal.App.4th 340, 345.) Here, defendant should receive the benefit of his bargain pursuant to the terms of the negotiated plea agreement. Therefore, his restitution fine should be reduced from $1,000 to $280.

IV

DISPOSITION

The judgment is modified to reflect a $280 restitution fine.  (§ 1202.4.)  The court is directed to amend the abstract of judgment and its minute order to reflect this modification and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.